JULIUS KAROSEN AND HANNAH KAROSEN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Karosen v. Commissioner
Docket No. 15384-82.
United States Tax Court
T.C. Memo 1983-540; 1983 Tax Ct. Memo LEXIS 249; 46 T.C.M. (CCH) 1278; T.C.M. (RIA) 83540; August 31, 1983. Robert C. Mannheim, for the petitioners. Karl D. Zufelt, for the respondent. SHIELDS
MEMORANDUM FINDINGS OF FACT AND OPINION SHIELDS, Judge: Both parties in this case have filed motions to dismiss for lack of jurisdiction. The petitioners claim that their motion should be granted because the deficiency notice was not sent to their "last known address" within the meaning of section 6212(b). [1] The respondent on the other hand contends that his motion should be granted because the notice was sent to the last known address but the petitioners failed to file their petition within the 90 days provided by section 6213(a). FINDINGS OF FACT The facts are fully stipulated under Rule 122. [2] The stipulation of facts and exhibits attached thereto are incorporated herein by reference. Respondent determined that there are deficiencies in the income tax *251 due from petitioners for the years 1976 and 1977 in the respective amounts of $9,318 and $1,512. Petitioners resided in Los Angeles, California when they filed their petition in this case. They moved to their Los Angeles address in June of 1980. Prior to petitioners' move to Los Angeles, they lived in Encino, California. They filed their income tax returns for 1976, 1977 and 1978 using the Encino address. The 1976 and 1977 returns were audited by the Office of the District Director, Los Angeles, California. The audits were limited to partnership adjustments. In February of 1979 they filed a power of attorney with respondent using their Encino address, which named two certified public accountants with the firm of Weber, Lipshie & Co., 9100 Wilshire Boulevard, Beverly Hills, California, as their authorized representatives for 1977. In the power of attorney which was on respondent's Form 2848, the petitioners directed the respondent to "[s]end copies of notices and other written communications addressed" to them to the accountants. On March 13, 1980 the petitioners executed a Form 872, Consent to Extend The Time to Assess Tax. Later, on April 22, 1981, they executed *252 a Form 872A, Special Consent to Extend The Time to Assess Tax. Both of these forms bore their Encino address, covered the year of 1976, were prepared by respondent and mailed by him to the petitioners at Encino. In 1980, petitioners filed their 1979 income tax return using the Los Angeles address. In April 1981, respondent began an audit of the 1979 return. He contacted the petitioners at the Los Angeles address and otherwise used that address for the purposes of this audit. By letter dated April 22, 1981, respondent requested that petitioners execute a Form 872-R, Restricted Consent to Extend the Time to Assess Tax Attributable to Partnership Items, for their 1977 taxable year. He mailed this request to the Los Angeles address. The 872-R was executed by the petitioners on May 1, 1981 and for the respondent on May 5, 1981. On the Form 872-R the petitioners' address was shown as being in care of Weber, Lipshie & Co. on Wilshire Boulevard. On May 27, 1981, respondent sent to petitioners a Form 872A for their 1976 taxable year. He used the Los Angeles address for purposes of this mailing. Respondent's files do not show that this form was returned to him either by the petitioners *253 or by the post office as undeliverable. The record is not clear as to whether or not the audits for 1976, 1977 and 1979 were conducted by different agents but they were all conducted by personnel in the Office of the District Director, Los AngelesCalifornia. The District Director at Los Angeles also issued the notice of deficiency. The notice of deficiency was mailed to petitioners by certified mail on July 22, 1981. It was addressed to the petitioners at the Encino address. The petitioners did not receive the notice. It was returned to respondent on July 29, 1981, bearing a notation by the United States Postal Service which read "return to sender--not deliverable as addressed--unable to forward." Respondent did not send a copy of the notice to petitioners' accountants as directed in their power of attorney for 1977. He did not send duplicate originals of the notice to the petitioners in care of the accounting firm or to them at the Los Angeles address and upon its return he did not attempt to remail the same to any of the addresses. In December 1981, respondent assessed the deficiencies he had determined for 1976 and 1977 and mailed a demand for payment to the petitioners *254 at the Encino address. The petitioners received the demand in January of 1982. In response to their request respondent mailed a copy of the deficiency notice to the petitioners on May 18, 1982. Petitioners filed their petition herein on June 29, 1982. The petition was filed by the firm of Weber, Lipshie & Co. It was filed more than 11 months after respondent mailed the notice to the Encino address, more than five months after the petitioners received the demand, but less than 90 days after a copy of the notice was mailed to them or received by them at the Los Angeles address. On July 22, 1981, the respondent's file on the petitioners' 1976 return contained a Form 872, Consent to Extend the Time to Assess Tax. The Form 872 had been duly executed by the petitioners and for the respondent. It provided that any income tax due from the petitioners for 1976 could be assessed at any time on or before September 30, 1981. The same file also contained a Form 872A, Special Consent to Extend the Time to Assess Tax. The Form 872A had been signed by the petitioners on April 22, 1981, and for the respondent on April 23, 1981. This 872A provided that any income tax due from the petitioners *255 for 1976 could be assessed at any time on or before the ninetieth day after (a) the Form 872A was terminated by the petitioners, (b) the Form 872A was terminated by the respondent, or (c) the respondent mailed a notice of deficiency for 1976. The record does not contain a termination of the 872A by either the petitioners or the respondent. On the same date, July 22, 1981, the respondent's file on the petitioners' 1977 return contained a Form 872-R, executed by the petitioners on May 1, 1981, and for the respondent on May 5, 1981. This Form 872-R provided that any income tax due from the petitioners for 1977 which was attributable to a partnership adjustment could be assessed at any time on or before December 31, 1982. OPINION With respect to a deficiency in income tax, the Secretary of the Treasury or his delegate is authorized to send to the taxpayer a notice of deficiency by certified or registered mail. Section 6212(a). The notice is sufficient if it is mailed to the taxpayer's last known address. Section 6212(b)(1). Once a sufficient notice of deficiency is issued the taxpayer *256 has 90 days within which he can file a petition with this Court and litigate the correctness of the deficiency without first paying the same. [3]Section 6213(a). If the taxpayer fails to file a petition within 90 days he can no longer litigate the case in this Court and the deficiency is assessable. Section 6213(c); Shelton v. Commissioner,63 T.C. 193 (1974). Once the deficiency is properly assessed, the taxpayer can still have it litigated but only by following the refund procedures which require among other things that he first pay the deficiency. From the foregoing it is apparent that the basic issue in this case is whether or not the notice of deficiency dated July 22, 1981, and sent to the petitioners at their Encino address, was sufficient under section 6212(b). If it was sufficient the petition is obviously untimely, this Court does not have jurisdiction over the case, and the assessment made thereunder is valid. To contest the matter further the petitioners would have to pay the assessment and file a claim for refund. On the other *257 hand, where as here the notice was not received by the taxpayer within sufficient time to file a timely petition, and the notice as issued was not sufficient, then the notice is a nullity and invalid and does not serve to give this Court jurisdiction. Looper v. Commissioner,73 T.C. 690 (1980); O'Brien v. Commissioner,62 T.C. 543 (1974).
Since the notice was sent to the Encino address, it was sufficient if at that time the Encino address was the petitioners' "last known address" under section 6212(b). Neither the Code nor the regulations define what constitutes a taxpayer's last known address under this section. Crum v. Commissioner,635 F.2d 895 (D.C. Cir. 1980). However, previous cases on this issue have established certain principles which, when applied to this case, are as follows: (1) on the notice for 1976 and 1977 the respondent was entitled to use the Encino address, as shown on the 1976 and 1977 returns, unless the petitioners can establish *258 that on the date of the notice the respondent knew, or with the exercise of reasonable diligence, should have known, that petitioners had changed their address from Encino to Los Angeles; and (2) in determining whether or not the respondent knew or, with the exercise of reasonable diligence should have known, of the change in address, we must consider all of the relevant facts and circumstances. Luhring v. Glotzbach,304 F.2d 556, 558-559 (4th Cir. 1962); Arlington Corporation v. Commissioner,183 F.2d 448 (5th Cir. 1950); Lifter v. Commissioner,59 T.C. 818, 821 (1973); Budlong v. Commissioner,58 T.C. 850, 852 (1972); Stewart v. Commissioner,55 T.C. 238, 241 (1970), affd. without published opinion (9th Cir. 1972); Crum v. Commissioner,supra.
The petitioners admit that they cannot show that prior to July 22, 1981, specific notice was given to the respondent of the change in their address. They contend, however, that under all of the circumstances which existed at or prior to the date of the notice of deficiency the respondent had "clear and concise notification" that *259 the change in address had occurred. Cf. Budlong v. Commissioner,supra.In support of this contention, they point to the following: (1) They moved from Encino to Los Angeles in June of 1980; (2) After the move they filed their 1979 income tax return with the respondent and indicated on that return that their "present home address" was in Los Angeles; (3) In April of 1981 respondent commenced an audit of petitioners' 1979 return and used the Los Angeles address in the audit; (4) By letter dated April 22, 1981, the respondent used petitioners' Los Angeles address to request that they sign a form extending the statute of limitations with respect to their 1977 return; and (5) By letter dated May 27, 1981, the respondent used their Los Angeles address to request that they sign a form extending the statute of limitations with respect to their 1976 return. The petitioners argue that the foregoing clearly demonstrates that their 1979 return constituted actual notice to the respondent of the change in their address from Encino to Los Angeles. They point to the fact that after the 1979 return was filed the respondent not only used the Los Angeles address *260 in the audit of that return but he also directed mail to them about both the 1976 and 1977 returns at the Los Angeles address. Therefore, they contend that on July 22, 1981, the statutory notice was not sent to the address last known to the respondent with regard to the years covered by the notice. In the alternative the petitioners contend that even if the 1979 return did not constitute actual notice to the respondent of their change in address, the respondent failed to use due diligence in ascertaining their last known address for the 1976 and 1977 returns at the time the notice was issued. For his part, the respondent argues that the different address shown on the petitioners' 1979 return did not constitute notice to the respondent of a change in the address shown on their 1976 and 1977 returns. The respondent also contends that under all the relevant circumstances of this case he used reasonable diligence in ascertaining on July 22, 1981, that the Encino address was the proper place to send the notice of deficiency for 1976 and 1977. Our inquiry must be directed to the time the *261 notice was issued. We must determine what was the correct address for the notice under the circumstances then known to the respondent or which in the exercise of due diligence could have been known to him at that time. Crum v. Commissioner,635 F.2d 895 (D.C. Cir. 1980); Alta Sierra Vista, Inc. v. Commissioner,62 T.C. 367 (1974), affd. 538 F.2d 334 (9th Cir. 1976). We have held that a new address shown on a subsequent return does not, by itself, constitute sufficient notice to the respondent of a change. Budlong v. Commissioner,supra;Alta Sierra Vista, Inc. v. Commissioner,supra. However, a new address shown on a subsequent return is one of the circumstances to be considered in deciding whether or not the respondent used reasonable diligence. Crum v. Commissioner,supra;Weinroth v. Commissioner,74 T.C. 430 (1980). In this case we are forced to conclude that such diligence was not exercised. First, the respondent was not only furnished with *262 the Los Angeles address on a subsequent return but he actually used that address on three different occasions. One of the occasions was in connection with the audit of the 1979 return but the other two were with respect to the respondent's request for extensions on the statute of limitations for 1976 and 1977, the years covered by the notice. Respondent has no record of whether or not petitioners responded to the request for the 1976 extension but he also has no record of this request being returned by the post office as undeliverable. Furthermore, the petitioners did respond to the request for the 1977 extension. This response was in respondent's file when he mailed out the July 22, 1981 notice of deficiency to the old address. Respondent argues that even after the petitioners moved and the 1979 return was filed he was able to communicate with petitioners by sending mail to their Encino address and consequently he had reason to believe that Encino was their proper address. The record does reflect that a request for extension for 1976 was successfully mailed by the respondent to petitioners at the Encino address after the move and apparently after the 1979 return was filed but *263 subsequently the respondent sent a second request for an extension on 1976 to the Los Angeles address. Moreover, in all of respondent's communications with petitioners concerning their 1977 return the Los Angeles address was used. As a result we can give little weight to this argument by respondent. In this case we note that respondent's agents failed to follow the dictates of their own manual where a file contains more than one possible last known address. From our findings and just as a matter of logic it is apparent that at the time the notice was being prepared by respondent's agents, those agents had before them respondent's files on the 1976 and 1977 returns of the petitioners. It is equally apparent that those files at that time contained three different addresses for the petitioners. The first address was the Encino address, appearing on both returns and on the power of attorney to the accountants for 1977. The second was the Los Angeles address, which the agents had used on the correspondence requesting extensions for both 1976 and 1977. The third address was in care of the accounting firm which appeared on the extension for 1977. The 1977 file also contained *264 the power of attorney in which the petitioners had directed that copies of notices and other communications addressed to them be sent to their accountants. When confronted with the three different addresses and the instructions to send copies of notices and other communications to the accountants, the agent or agents preparing the notice of deficiency for the respondent must of necessity have had some doubt as to where the notice should be addressed. [4] In view of such doubt, duplicate originals of the notice should have been mailed to the petitioners at the Encino address, the Los Angeles address and in care of the accounting firm on Wilshire Boulevard. In an abundance of caution a copy of the notice could have been mailed to the individual accountants named in the power of attorney. See Lifter v. Commissioner,supra.
*265 The failure of respondent's agent to send duplicate originals under the facts herein constitutes in our opinion lack of due diligence. If duplicate originals had been mailed in this case the notice would undoubtedly have been received by the accounting firm and by the petitioners themselves. Furthermore, if duplicate notices had been used in this case, and if any one of them had been received by the taxpayers with sufficient time remaining to permit them to file a timely petition, the notice would have been valid. See Lifter v. Commissioner,supra and Clodfelter v. Commissioner,57 T.C. 102 (1971), affd. 527 F.2d 754 (9th Cir. 1975), and the various cases cited therein which hold that a technical objection to the place or manner of delivery of a notice does not affect its validity unless the taxpayer can show that he was injured or prejudiced by the technical shortcoming. See also Frieling v. Commissioner,81 T.C. 42 (1983); Mulvania v. Commissioner,81 T.C. 65 (1983). In view of the foregoing, *266 we conclude that where as here the taxpayer's file contains more than one possible last known address, due diligence would require the respondent to use duplicate notices. The appropriateness of duplicate notices is such cases is even more apparent in view of the fact that if any one of the notices is received by the taxpayer the burden is then upon the taxpayer to establish that he was injured by any technical defect which appeared in its address, mode of delivery or the number of notices issued. In view of the many cases holding that the validity of a notice actually received by a taxpayer in sufficient time to file a timely petition under section 6213(a) is not affected by some technical defect in its address, manner of delivery, or number, we believe that when faced with more than one possible last known address the exercise of due care would cause the respondent to go to the extra trouble and expense of duplicate notices rather than run the risk, as here, of having the notice being undelivered and thereby force the taxpayer and the respondent into facing a costly proceeding such as *267 this and/or a refund suit. Surely the additional expense and trouble of duplicate notices would be nominal in comparison. Finally, we note that in this case the notice was returned to the respondent on July 29, 1981. We also note that on that date there was more than sufficient time remaining on the statute of limitations applicable to both 1976 and 1977 to permit the respondent to reconsider the question of the correct address. He also knew at that time that the notice was not deliverable at the Encino address. He had plenty of time, however, to mail duplicate originals to the other addresses or to send a copy to the individual accountants as directed in the power of attorney. Here again, even a copy addressed to the accountants but actually received by the petitioners would have been sufficient unless the petitioners could show that they were prejudiced thereby. Lifter v. Commissioner,supra.
Since the respondent failed to use due diligence in mailing the notice only to the Encino address the notice was not sufficient. Crum v. Commissioner,supra;Shelton v. Commissioner,supra;Weinroth v. Commissioner,supra. *268 Petitioners' motion to dismiss will be granted and respondent's motion will be denied. [5]
An appropriate order will be entered.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended during the years in issue, unless otherwise indicated.↩
2. All rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise provided.↩
3. The taxpayer has 150 days to file the petition if the notice is addressed to a person outside the United States.↩
4. Section 4462.1(3) of the Internal Revenue Manual provides as follows: Ordinarily, the statutory notice will be sent to the address shown on the taxpayer's return. However, be very careful in determining the address to be used if the taxpayer has specifically notified the Service of a different address. Thus, a thorough search of the administrative file should be made and all documents such as Forms 872 (Consent to extent the time to assess tax) Powers of Attorney, and all other file correspondence should be examined to determine the taxpayer's last known address prior to mailing a statutory notice of deficiency. For example, a statutory notice sent to the last known home address of the taxpayer would be invalid if a power of attorney is submitted which specifically directs that all correspondence, documents, etc., relating to the tax matter be sent to the taxpayer in care of the taxpayer's attorney.Therefore, if there is any doubt as to what constitutes the last known address of the taxpayer, duplicate original statutory notices should be sent by certified mail to each known address.↩ [Emphasis added.]
5. In reaching this conclusion we are aware that the petition in this case was filed within 90 days after the respondent sent a copy of the notice to the petitioners at their correct address in Los Angeles and that under Crum v. Commissioner,supra, this Court might be considered to have jurisdiction over the merits. However, as pointed out by the Court of Appeals in Crum (635 F.2d at 900), the taxpayer in that case did not seek a dismissal for lack of proper notice as in Shelton,supra,↩ but apparently consented to the jurisdiction of this Court. Here the petitioners specifically seek a dismissal for lack of proper notice.