Stephen P. OLLAREK, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. 83 Civ. 4939 (PKL).

United States District Court, S.D. New York.

Jan. 29, 1985.

Sherman, Feigen & Slivka, New York City, for plaintiff; William Slivka, New York City, of counsel.

Rudolph W. Giuliani, U.S. Atty., New York City, for defendant; Jordan Stanzler, Asst. U.S. Atty., New York City, of counsel.

## OPINION & ORDER

LEISURE, District Judge:

Plaintiff, Stephen P. Ollarek, brings this action, claiming that the government erroneously and illegally collected income taxes from him. He seeks to recover $7,717.88 in federal income taxes allegedly paid. He alleges that this Court has jurisdiction pursuant to 28 U.S.C. § 1346 and 26 U.S.C. § 7422.

The government seeks an order pursuant to Rules 12(b)(1), 12(b)(6) and 56 of the Federal Rules of Civil Procedure dismissing the complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. As more particularly described below, the government asserts that the Internal Revenue Service ("IRS"), pursuant to 26 U.S.C. § 6851 (1970), made a termination assessment against plaintiff in the amount of $22,032.02 and thereafter collected $8,064 by levy. With the addition of penalties and interest, there is a balance now due, according to the government, of $23,913.12 in unpaid assessments for the 1976 year, plus accrued interest, penalties and statutory additions. In bringing its motion to dismiss, the government relies on the teaching of *Flora v. United States*, 362 U.S. 145, 80 S.Ct. 630, 4 L.Ed.2d 623 (1960), because plaintiff has not paid the entire assessment.

## THE FACTS

The parties agree that on March 31, 1976, plaintiff was arrested following a search of his apartment and the seizure as

evidence of certain controlled substances and cash. On December 1, 1977, a state trial court suppressed the physical evidence seized at the time of arrest. The criminal indictment was later dismissed. As a result of the arrest and seizure of evidence, on May 4, 1976 the IRS made a termination assessment pursuant to 26 U.S.C. § 6851(a)(1) (1970) against plaintiff for the taxable period January 1, 1976 to March 31, 1976. In accordance with 26 U.S.C. § 6861 (1970 & Supp. IV 1974), a statutory notice of deficiency was issued on June 2, 1976. The notice informed plaintiff of his right to contest the deficiency in United States Tax Court within 90 days. *See Laing v. United States,* 423 U.S. 161, 96 S.Ct. 473, 46 L.Ed.2d 416 (1976). Using the "income and expenditures" method, the IRS had determined that plaintiff "... realized taxable income in the amount of $56,021 for the taxable period January 1, 1976 to March 31, 1976 evidenced by [the] cash seizure, [in the amount of $8,064] illegal drug sales, illegal drug purchases and cost of living...." Plaintiff argues that the IRS calculation had no basis in fact or law. The parties agree that on or about June 7, 1976, the IRS collected by levy $8,064 from plaintiff for the period ending March 31, 1976.

On May 3, 1977 the IRS filed a substituted tax return on plaintiff's behalf for the tax year 1976 pursuant to 26 U.S.C. § 6020(b)(1). Although this was a dummy return and had no numbers filled in, such a return is "good and sufficient for all legal purposes." 26 U.S.C. § 6020(b)(2). *See Hartman v. Commissioner,* 65 T.C. 542, 546 (1975).[1] IRS records indicate that on or about November 4, 1977, it sent a letter requesting that plaintiff contact the IRS about the tax return for the year 1976. Plaintiff did not respond but it is noted in the IRS file that his counsel, a Mr. Kern, was contacted by telephone and that he indicated plaintiff intended to file a tax refund claim.

IRS records also show that on April 25, 1978, plaintiff was sent a letter indicating the results of an examination of his 1976 tax return and of his right to take an administrative appeal. This letter was addressed to plaintiff's last known address but was returned to the IRS. IRS records do not indicate that an administrative appeal was filed. On October 20, 1978, the IRS mailed to plaintiff a second statutory notice of deficiency for the 1976 tax year, showing a deficiency in taxes assessed in the amount of $29,138.57 including penalties and interest. Pursuant to 26 U.S.C. § 6212(b)(1), the letter was sent to plaintiff's last known address by certified mail. It was returned with the notation that the addressee had moved without leaving a forwarding address; the letter was mailed again and returned with the same notation.[2] IRS records do not indicate that

---

**1.** Section 6020(b)(2) requires a substituted return to be subscribed by the Secretary of the Treasury or his delegate. The substituted return filed on behalf of plaintiff does not bear a signature as such, but rather the notation "Substituted For Return Filed By Audit D.O. 13." Plaintiff's counsel has referred the Court to one case in which the sufficiency of an unsigned substituted return was considered, *Rinieri v. Scanlon,* 254 F.Supp. 469 (S.D.N.Y.1966). *Rinieri,* however, does not lead the Court to conclude that the substituted return should be disregarded on this basis. Although the *Rinieri* court noted that the return was unsubscribed, *id.* at 474, it appears that this fact was incidental to the court's grant of summary judgment for the plaintiff. In addition, the court's jurisdiction was not in issue under *Flora v. United States,* 362 U.S. 145, 80 S.Ct. 630, 4 L.Ed.2d 623 (1960), because the full amount of the assessment had been paid.

**2.** Plaintiff challenges the effectiveness of these notices because they were mailed to an address where the IRS had reason to know plaintiff did not reside. The general rule in this regard is that a taxpayer asserting that a notice of deficiency has been mailed to the wrong address must demonstrate that a clear and concise notice concerning a definite change of address has been communicated to the IRS. *United States v. Zolla,* 724 F.2d 808, 810 (9th Cir.), *cert. denied,* — U.S. —, 105 S.Ct. 116, 83 L.Ed.2d 59 (1984); *McCormick v. Commissioner,* 55 T.C. 138, 141 (1970). Because plaintiff has made no allegation that he supplied such notice to the IRS, he cannot complain that the deficiency notice was not received. *Karosen v. Commissioner,* 46 T.C.M. (CCH) 1278 (1983), relied upon by plaintiff in this regard, is not to the contrary. *See also Crum v. Commissioner,* 635 F.2d 895, 898 (D.C.Cir.1980) (last known address defined as "the taxpayer's last permanent address or

plaintiff filed a petition in the United States Tax Court.

On April 30, 1980, the IRS received a tax return for the 1976 tax year filed by plaintiff through his attorney William Slivka, Esq. The return was accompanied by an IRS form power of attorney which, *inter alia*, authorized Slivka to execute waivers of notice of disallowance of a claim for credit or refund. It was claimed in the return that plaintiff had income of $3,280 from the net proceeds of miscellaneous flea market sales, a tax liability of $345.12, a total of $8,064 of federal income tax withheld and that plaintiff was entitled to a refund of $7,717.88. Pursuant to Treas. Reg. § 301.6402–3(a)(5), the IRS treated the return as a tax refund claim. On or about May 1, 1981, Anthony Amoruso, an IRS agent assigned to the case, told Slivka that he intended to disallow the refund claim. It is plaintiff's position that Amoruso told Slivka only that the claim was not timely filed. In any event, it is undisputed that, in response to Amoruso's request, Slivka signed Form 2997, Waiver of Satutory Notice of Claim Disallowance ("Waiver"). The Waiver, filed on July 1, 1981, dispensed with the IRS's obligation to provide notification of disallowance and also began the two-year period for filing suit for refund of the claims in federal court. The cover letter accompanying the Waiver requested an opportunity to appeal the disallowance.

On February 2, 1982 the appellate division within the IRS requested Amoruso to gather further information and stated that the claim was timely filed. Based upon an informal opinion of counsel that illegally seized evidence could not be used in a civil tax proceeding, Amoruso asked plaintiff to sign and return a Form 4549 reflecting a refund to plaintiff. Amoruso claims he told Slivka that the refund would not be processed until a formal written opinion was received from IRS counsel. The for-

mal opinion, issued on December 6, 1982, concluded that suppressed evidence could be used in a civil tax proceeding, citing *Guzzetta v. Commissioner*, 78 T.C. 173 (1982).[3] Amoruso informed Slivka of this result and that his "original decision to disallow the claim would stand." The parties agree that on June 29, 1983 Amoruso placed a telephone call to Slivka and advised him that the statute of limitations for filing a lawsuit in federal court would expire on July 1, 1983. Plaintiff filed this action on June 30, 1983.

### DISCUSSION OF LAW

■ There are two jurisdictional prerequisites for a refund suit in federal district court. First, 26 U.S.C. § 7422(a) requires that plaintiff file, as he has done, an administrative refund claim for the pertinent tax period. Plaintiff alleges that the defendant disallowed the timely filed refund claim without setting forth any basis for such disallowance and has administratively failed to respond to his protest against such action. This failure of the IRS to respond administratively to plaintiff's protest, it is argued, represents a denial of due process. This position has no legal basis. The execution of the Waiver by plaintiff's attorney dispensed with any obligation on the part of the IRS to furnish notice that the claim was being disallowed. 26 U.S.C. § 6532(a)(1) and (3); Treas.Reg. § 301.-6532–1(c). Plaintiff cannot therefore complain that he did not receive notice as to the disposition of his claim before the statute of limitations on filing a lawsuit in federal court expired.

The government claims that plaintiff has not satisfied the second prerequisite because he has not paid the full amount of the income tax deficiency assessed by the IRS. *See Flora v. United States*, 362 U.S. 145, 80 S.Ct. 630, 4 L.Ed.2d 623 (1960). The *Flora* Court held that a taxpayer must

legal residence known by the Commissioner"); *Morse v. IRS*, 635 F.2d 701 (8th Cir.1980).

**3.** *Accord, Tirado v. Commissioner*, 689 F.2d 307 (2d Cir.1982), *cert. denied*, 460 U.S. 1014, 103

S.Ct. 1256, 75 L.Ed.2d 484 (1983); *Velasco v. IRS*, 80–2 U.S.T.C. (CCH) ¶ 9590 (S.D.N.Y.1980). *See also United States v. Janis*, 428 U.S. 433, 96 S.Ct. 3021, 49 L.Ed.2d 1046 (1976).

pay the entire amount of an income tax deficiency assessed by the IRS before he may challenge its correctness in federal court under 28 U.S.C. § 1346(a)(1).[4]

Plaintiff attempts to circumvent this jurisdictional prerequisite by arguing that the assessment to be paid as a condition to filing the tax refund suit is the assessment of tax as shown on plaintiff's tax return, which he claims to have overpaid. Plaintiff argues that by filing the return for the 1976 year in 1980, he exercised his right under former 26 U.S.C. § 6851(b) (1970) that a taxable period terminated thereunder could be reopened by the taxpayer if he files a return.[5] According to 26 U.S.C. § 6201(a)(1), the IRS must then assess all taxes as determined by the taxpayer on his return. If the IRS subsequently determines there is a deficiency, it should issue a deficiency notice pursuant to 26 U.S.C. § 6212 and plaintiff could then contest the assessment in Tax Court without first paying.

■ The government argues, and the Court agrees, that when the IRS filed the substituted return for the full year under 26 U.S.C. § 6020(b) the tax year was reopened and then closed. Plaintiff questions whether a substitute return can reopen an emergency termination and then reclose it, thereby foreclosing plaintiff's right to file a return for the full year. Plaintiff contends that the right accorded the taxpayer by former 26 U.S.C. § 6851(b) (1970) is personal to the taxpayer and that the filing of a substituted return does not relieve the taxpayer of the obligation to file a return. Plaintiff's argument fails for two reasons. First, the procedures set forth by former section 6851(b) permitting the taxpayer to reopen are inapplicable where, as here, a delinquency assessment has been made for the full year. The legislative history indicates that former section 6851(b) was enacted for the limited purpose of preventing a taxpayer from having two tax years in the same calendar year, "... for example, in the case of an alien who departs from and returns to the United States within the 12-month period which would otherwise be his taxable year." H.R.Rep. No. 1337, 83d Cong., 2d Sess., *reprinted in* 1954 U.S.Code Cong. & Ad. News 4017, 4569; S.Rep., 83d Cong., 2d Sess., *reprinted in* 1954 U.S.Code Cong. & Ad.News 4621, 5246–47. The legislative history does not indicate that section 6851(b) applies in the case of a delinquent return.

■ Second, although it is true that filing a substituted return does not relieve the taxpayer's obligation to file, the belated filing of a tax return, after the IRS has filed a substituted return, does not require the IRS to start anew the assessment process. *Conovitz v. Commissioner,* 39 T.C.M. (CCH) 929, 932 (1980). The fact that a taxpayer fails to file a return does not insulate him from a determination by the IRS that a tax is due and owing. *Hartman,* 65 T.C. at 546. Indeed, section 6020(b) "is a procedural device which supplies the Internal Revenue Service with a means to assess tax obligations not reported by the taxpayer and to impose various 'civil' penalties." *Conovitz,* 39 T.C.M. (CCH) at 932. Plaintiff's reference to *United States v. Harrison,* 72–2 U.S.T.C. (CCH) ¶ 9573 (E.D.N.Y.), *aff'd,* 486 F.2d 1397 (2d Cir.1972), *cert. denied,* 411 U.S. 965, 93 S.Ct. 2144, 36 L.Ed.2d 685 (1973), for the proposition that, because a substi-

---

**4.** A taxpayer can challenge the IRS determination without first paying the assessment by filing a suit in Tax Court pursuant to 26 U.S.C. § 7422. The time for plaintiff to file such suit has expired.

**5.** Section 6851(b) formerly stated, in pertinent part, that a taxable period terminated under § 6851(a) "may be reopened by the taxpayer (other than a nonresident alien) if he files with the Secretary or his delegate a true and accurate return of the items of gross income and of the deductions and credits allowed under this title...." Section 6851(b) was amended by § 1204(b) of the Tax Reform Act of 1976, Pub.Law 94–455, 90 Stat. 1520, 1696, on October 4, 1976. According to § 1204(d) of Pub.L. 94–455, as amended by Pub.L. 94–528, 90 Stat. 2483, the amendment applies in termination assessments where notice and demand take place after February 28, 1977. The former version of § 6851(b) therefore applies in this action.

tuted return does not relieve the taxpayer's obligation to file a return, it is not equivalent to a taxpayer's return, is misleading and ignores the facts of that case. In *Harrison*, the taxpayer failed to escape criminal penalties for not filing any tax returns, although he argued that the use of a substituted return by the IRS excused his obligation to file a return. *Harrison* provides no support for plaintiff's argument that a belated return will supersede a substituted return.

The argument that the IRS should have assessed taxes based on plaintiff's return pursuant to the authority vested by 26 U.S.C. § 6201 is erroneous because 26 U.S.C. § 6861 (1970 & Supp. IV 1974) provided assessment authority when a taxable year was terminated before its conclusion under former 26 U.S.C. § 6851 (1970). *Laing*, 423 U.S. at 184, 96 S.Ct. at 485.[6] This, in conjunction with the fact that a section 6020 return was filed, means that the assessment procedures set forth by 26 U.S.C. §§ 6201(a) and 6203 do not control in this situation. Provided that the taxpayer was sent a deficiency notice in accordance with sections 6861(b) and 6212(b)(1), collection of a tax based upon that assessment would be proper. *Laing*, 423 U.S. at 184, 96 S.Ct. at 485. Nothing that has come to the attention of the Court indicates that an untimely filed tax return will supplant a termination assessment duly made by the IRS for which a deficiency notice properly has been sent. If the Court accepted plaintiff's narrow interpretation of the assessment procedures set forth by sections 6201 and 6203, it would in effect negate the *Flora* doctrine by allowing plaintiff to litigate in federal court without paying the full amount of the IRS assessment. Such a course will not be followed. Plaintiff's failure to pay the full assessment deprives this Court of subject matter jurisdiction over the refund claim.

For the reasons stated, defendant's motion to dismiss is hereby granted, without prejudice to plaintiff if he brings a new refund action after satisfying the jurisdictional prerequisites.

SO ORDERED.

---

**6.** Section 6851 as it currently stands authorizes the IRS to immediately assess the amount of the tax determined under that section.