**William J. CRUM, Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE.**

**No. 75–2264.**

United States Court of Appeals, District of Columbia Circuit.

Argued Sept. 26, 1979.

Decided Dec. 23, 1980.

Joel R. Weinstein, Washington, D.C., with whom Hans A. Nathan, Washington, D.C., was on the brief for appellant.

Gilbert S. Rothenberg, Atty., U. S. Dept. of Justice, Washington, D.C., with whom Scott P. Crampton, Asst. Atty. Gen., Gilbert

E. Andrews and Gary R. Allen, Atty., Dept. of Justice, Washington, D.C., were on the brief for appellee.

M. Carr Ferguson, Asst. Atty. Gen., Washington, D.C., entered an appearance for appellee.

Before ROBINSON and ROBB, Circuit Judges, and DAVIS *, Judge, United States Court of Claims.

Opinion for the Court filed by Circuit Judge, ROBB.

ROBB, Circuit Judge:

The question in this case is whether a notice of tax deficiency was mailed by the Internal Revenue Service (IRS) to the taxpayer's "last known address" so as to commence the statutory time period for filing a petition for redetermination of that deficiency. The United States Tax Court held that the notice was properly mailed and consequently dismissed the taxpayer's petition for redetermination on the jurisdictional ground that it was not timely filed. We reverse.

In 1971 and 1972 the Internal Revenue Service's Office of International Operations (OIO) conducted an audit of William Crum's 1966, 1967, 1968 and 1969 income tax returns. During the course of that audit Revenue Agent John Kristianson received from Hans Nathan, Esquire, a power of attorney executed by Crum in Nathan's favor covering the years 1966, 1967 and 1968. Nathan informed Agent Kristianson that he represented Crum as to all four taxable years under review, but the power of attorney pertained only to the first three years. On May 1, 1972 Agent Kristianson completed his audit report, a copy of which was mailed to Crum at 293 Prince Edward Road, 5th Floor, Kowloon, Hong Kong (Prince Edward Road address) because that address appeared on his tax return for 1969, the last year under examination. In addition, a copy of the audit report was hand delivered to Nathan during the summer of 1972.

On August 2, 1972, the Director of OIO sent two notices of tax deficiency by registered mail to Crum at the Prince Edward Road address. One such notice concerned the taxable years 1966, 1967, and 1968 and the other covered the taxable year 1969. Crum did not receive either of these deficiency notices however, because in 1970 he had adopted as his mailing address the address of his new employer, c/o Hong Kong Marina, Ltd., Hebe-Haven-Sai Kung, New Territories, Hong Kong, B.C.C., or the downtown office at B6, 8th Floor, Ho Tung House, Kowloon, Hong Kong, B.C.C. (Hong Kong Marina address). A copy of the deficiency notice covering 1966–1968 was also sent to Nathan pursuant to the power of attorney on file with the Internal Revenue Service, but no copy of the deficiency for 1969 was mailed to him because no power of attorney had been submitted with respect to that year. Thereafter, Nathan, on Crum's behalf, timely filed in the United States Tax Court a petition for redetermination of the deficiencies in income tax asserted by the Commissioner of Internal Revenue (Commissioner) for the taxable years 1966, 1967, and 1968.

Meanwhile, and before the mailing of the August 2, 1972 deficiency notice addressed to Crum at Prince Edward Road, there had been communication between Crum and the Internal Revenue Service using his new Hong Kong Marina address: (1) in October 1971 Crum had filed his 1970 tax return, showing the Hong Kong Marina address; (2) on December 21, 1971 the IRS had mailed to Crum at the Hong Kong Marina address a request for payment of tax due for 1967; (3) on June 16, 1972 the IRS had received from Crum a request, bearing the Hong Kong Marina address, for an extension of time within which to file his 1971 tax return, and that request was granted by the Commissioner and returned to Crum at the Hong Kong Marina address; and (4) on August 1, 1972 the IRS had received Crum's 1971 tax return, on which appeared the Hong Kong Marina address.

---

* Sitting by designation pursuant to 28 U.S.C. § 293(a).

On October 4, 1973 an OIO revenue officer mailed a collection letter requesting payment of the deficiency determined for 1969 to Crum at the Hong Kong Marina address. This collection letter was received by Crum and was his first actual knowledge that a deficiency notice for the taxable year 1969 had been issued. Thereafter Crum filed a power of attorney covering 1969 with the IRS and a copy of the deficiency notice for that year was sent to Nathan on January 3, 1974. On April 10, 1974 which date was within 150 days of Crum's actual receipt of the deficiency notice but 616 days after its issuance, a petition for redetermination of the deficiency alleged for 1969 was filed in the United States Tax Court. On May 24, 1974 the Commissioner moved to dismiss Crum's petition on the jurisdictional ground that it was not filed within the 150-day time limit prescribed by section 6213(a) of the Internal Revenue Code of 1954. By order dated July 31, 1975 the Tax Court granted the Commissioner's motion to dismiss, reasoning that Crum's correspondence and subsequent tax returns did not provide sufficient notification that the Prince Edward Road address was incorrect and, therefore, the deficiency notice for 1969 had been properly mailed on August 2, 1972 to Crum's "last known address" pursuant to section 6212(b)(1) of the Internal Revenue Code of 1954. This appeal from the order of dismissal followed, but Crum's death and lengthy delays in the Hong Kong probate proceedings that followed caused oral argument of the case to be postponed.

Section 6212(a) of the Internal Revenue Code of 1954 (IRC) authorizes the use of certified or registered mail to notify a taxpayer that a deficiency in respect of income tax has been determined against him. IRC § 6212(b)(1) provides that a notice of deficiency "shall be sufficient" if it is "mailed to the taxpayer at his last known address." However, neither the IRC nor the Treasury Regulations specifically define the term "last known address". Section 6213(a) of the IRC states that if a deficiency notice is addressed to a person outside the United States, no assessment and levy of the deficiency may be made for a period of 150 days after the notice is mailed and that within that 150-day period the taxpayer may petition the United States Tax Court for a redetermination of the deficiency. If the taxpayer does not file a petition for redetermination during the allotted 150-day period, IRC § 6213(c) provides that "the deficiency, notice of which has been mailed to the taxpayer, shall be assessed, and shall be paid upon notice and demand . . . ."[1]

---

1. Prior to the Tax Reform Act of 1976 and at all times relevant to this case, the applicable statutes read as follows:

§ 6212. Notice of deficiency
(a) In general
If the Secretary or his delegate determines that there is a deficiency in respect of any tax imposed by subtitles A or B or chapter 42 he is authorized to send notice of such deficiency to the taxpayer by certified mail or registered mail.
(b) Address for notice of deficiency
(1) Income and gift taxes and taxes imposed by chapter 42
In the absence of notice to the Secretary or his delegate under section 6903 of the existence of a fiduciary relationship, notice of a deficiency in respect of a tax imposed by subtitle A, chapter 12, or chapter 42, if mailed to the taxpayer at his last known address, shall be sufficient for purposes of subtitle A, chapter 12, chapter 42, and this chapter even if such taxpayer is deceased, or is under a legal disability, or, in the case of a corporation, has terminated its existence.

§ 6213. Restrictions applicable to deficiencies; petition to Tax Court
(a) Time for filing petition and restriction on assessment
Within 90 days, or 150 days if the notice is addressed to a person outside the [United States], after the notice of deficiency authorized in section 6212 is mailed (not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the last day), the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency. Except as otherwise provided in section 6861 no assessment of a deficiency in respect of any tax imposed by subtitle A or B or chapter 42 and no levy or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer, nor until the expiration of such 90-day or 150-day period, as the case may be, nor, if a petition has been filed with the Tax Court, until the decision of the Tax Court has become final. Notwithstanding the provisions of section 7421(a), the making of such assessment or the beginning of such proceeding or levy during the time such prohibition

■ In *Stebbins' Estate v. Helvering*, 74 U.S.App.D.C. 21, 22–23, 121 F.2d 892, 893–94 (1941), this court said "it has been decided time and again that the statutory period is jurisdictional, and the duty to dismiss on failure to comply is mandatory." IRC § 6212(a) & (b) specifies that a notice of deficiency be sent to the taxpayer by certified or registered mail at his last known address, and it is clear that the statute requires "a proper giving of notice" before a deficiency is assessed. *See Cohen v. United States*, 297 F.2d 760, 772 (9th Cir.), *cert. denied*, 369 U.S. 865, 82 S.Ct. 1029, 8 L.Ed.2d 84 (1962). In *Delman v. Commissioner*, 384 F.2d 929, 932 (3d Cir. 1967), *cert. denied*, 390 U.S. 952, 88 S.Ct. 1044, 19 L.Ed.2d 1144 (1968), the United States Court of Appeals for the Third Circuit declared that "[b]y using the phrase 'last known address' Congress must have intended that notice be sent to that address where the Secretary (or his delegate) reasonably believed the taxpayer wished notice to be sent." The United States Tax Court in *Alta Sierra Vista, Inc. v. Commissioner*, 62 T.C. 367, 374 (1974), *aff'd mem.*, 538 F.2d 334 (9th Cir. 1976), defined "last known address" as "the taxpayer's last permanent address or legal residence known by the Commissioner or the last known temporary address of a definite duration to which the taxpayer has directed the Commissioner to send all communications." Further, the Tax Court held that "while the Commissioner is bound to exercise reasonable diligence in ascertaining the taxpayer's correct address . . ., he is entitled to treat the address appearing on a taxpayer's return as the last known in the absence of clear and concise notification from the taxpayer directing the Commissioner to use a different address." *Id.* Thus, the critical issue in this case is whether the communication between Crum and the Internal Revenue Service prior to the issuance of the deficiency notice for 1969 constituted sufficient notification that the Prince Edward Road address shown on his 1969 tax return was no longer correct.

Numerous cases have held that a subsequently filed tax return does not, by itself, afford adequate notice of a change in address. *See, e. g., Luhring v. Glotzbach*, 304 F.2d 556, 558 (4th Cir. 1962); *Alta Sierra Vista, Inc. v. Commissioner, supra* at 376–77; *Lifter v. Commissioner*, 59 T.C. 818, 822 (1973). In *Budlong v. Commissioner*, 58 T.C. 850, 852–53 (1972), the United States Tax Court said:

> Petitioners' filing of their 1969 return with the North-Atlantic Service Center is not sufficient notification to [the Commissioner]. The service center does not have any responsibility with respect to the auditing of returns or the issuing of statutory notices of deficiency. The service center provides the means for handling in an effective, administrative fashion the millions of returns to be filed with the district directors within its realm. The Code does not require a check with a service center for verification of the "last known address" of a taxpayer prior to the issuance of a statutory notice. At best, petitioners' filing of their 1969 return would, upon final processing, indicate to [the Commissioner] that for the 1969 taxable year correspondence to petitioners should be directed to the address thereon.

However, some cases have attached significance to subsequently filed tax returns listing a new address. In concluding that a deficiency notice had not been effectively mailed, the United States Court of Appeals for the Ninth Circuit, in *Welch v. Schweitzer*, 106 F.2d 885, 887 (1939), said:

> Th[e] recognized continued relationship of the taxpayer to the Treasury created by statute . . . made available in this case to the Commissioner the true residence address of the taxpayer, *as shown in his*

---

is in force may be enjoined by a proceeding in the proper court.

\* \* \* \* \* \*

(c) Failure to file petition

If the taxpayer does not file a petition with the Tax Court within the time prescribed in subsection (a), the deficiency, notice of which has been mailed to the taxpayer, shall be assessed, and shall be paid upon notice and demand from the Secretary or his delegate.

*later returns.* The application of ordinary business principles to the tax business of the government would seem to require the Commissioner to avail himself of the facilities of his business organization in the performance of his duty to mail the notice of deficiency. [emphasis added]

And in *Slaven v. United States*, 53–1 U.S. T.C. ¶ 9120 (S.D.Cal.1952), the district court concluded that, where a deficiency notice had been mailed to the taxpayer at her former address, that notice was not sent to the "last known address" as required by statute because the taxpayer had filed subsequent tax returns and a declaration of estimated tax showing her new address and had received a letter from the Commissioner at her new address.

In this case Crum, prior to the issuance of the deficiency notice for 1969, filed his 1970 and 1971 tax returns, on which the Hong Kong Marina address appeared, with the Internal Revenue Service's Philadelphia Service Center; filed a request for an extension of time bearing the Hong Kong Marina address with the Philadelphia Service Center and received an affirmative response at that new address; and received from the Philadelphia Service Center a Form TY D69 computer-generated billing notice for unpaid 1967 tax at the Hong Kong Marina address. The Tax Court concluded that none of this correspondence demonstrated that the Commissioner had adequate notice of a change in Crum's address for purposes of the audit performed on his 1969 tax return because all communication involving the Hong Kong Marina address was with the Philadelphia Service Center, whereas the audit was under the supervision of OIO in Washington, D.C., (J.A. at 248–51) We disagree.

■ Although the adequacy of subsequently filed tax returns alone to provide notification of a change in address is questionable and unclear, notice of Crum's Hong Kong Marina address was afforded and evidenced apart from his 1970 and 1971 income tax returns. Moreover "a taxpayer's last known address must be determined by a consideration of all relevant circumstances," *Lifter v. Commissioner, supra* at 821; and "the Commissioner is required to exercise reasonable care and diligence in ascertaining and mailing a deficiency notice to the correct address." *Arlington Corp. v. Commissioner*, 183 F.2d 448, 450 (5th Cir. 1950). The controlling test therefore as to when the statutory time period for filing the petition for redetermination began is whether, in light of all the pertinent circumstances, the IRS acted reasonably in mailing the deficiency notice for the taxable year 1969 to Crum at the Prince Edward Road address.

Before the deficiency notice for 1969 was issued, five separate communications (i. e., two tax returns, a request for an extension of time and the response to it, and a bill for 1967 tax due) bearing the Hong Kong Marina address passed between Crum and the IRS. Even though this correspondence was with the Philadelphia Service Center and not OIO in Washington, D.C., it must be noted that OIO is a district office of the Internal Revenue Service located in the geographical region assigned to the Philadelphia Service Center. (J.A. at 242–43) Further, the OIO was able to ascertain Crum's correct address in December 1971 when it sought payment of tax owing for 1967, and again in October 1973, when it sent him a collection letter requesting payment of the 1969 deficiency; yet the IRS says it was unable to learn the correct address in August 1972 when it sent the important notice of tax deficiency. Moreover, it is plain from the facts that Crum took no action to obscure the change in his address so as to confound the IRS, and the notice he gave of his new Hong Kong Marina address on the later tax returns and request for an extension of time was "clear and concise" enough for the IRS to use that address on some correspondence with him. *See Alta Sierra Vista, Inc. v. Commissioner, supra* at 374.

Revenue Agent Kristianson knew that Nathan represented Crum with respect to the 1969 taxable year despite the absence of a power of attorney covering that year. (J.A. at 240, 254) Nevertheless Agent Kris-

tianson made no attempt to verify or secure Crum's correct mailing address from Nathan even though they met on numerous occasions during the course of the audit. *Id.* at 239. Nor was a copy of the deficiency notice for 1969 sent to Nathan, as the Tax Court admitted would have been the "courteous and prudent" thing for the IRS to have done. *Id.* at 254–55. Further, if Agent Kristianson had followed the usual, albeit not required, practice of checking the tax return for the year following the one under examination, he would have learned of, and used, Crum's new Hong Kong Marina address. *Id.* at 239. In addition, Crum's Hong Kong Marina address would have been obtained by Kristianson if, upon receiving the necessary authorization, he had consulted the Internal Revenue Service's master computer file bank located at Martinsburg, West Virginia. *Id.* at 243–45. Although a search of the computer files for a taxpayer's most recent address would take less than a minute today, that same task would have taken approximately six weeks in 1972. *Id.* at 245. However, waiting six weeks presented no difficulty for Kristianson because there was no immediate time pressure on the audit of Crum's 1969 income tax return. The three-year statute of limitations provided in IRC § 6501(a)[2] was nearing expiration for one of the earlier years under review but not for 1969. *Id.* at 239. Such conduct on the part of Revenue Agent Kristianson and the Internal Revenue Service hardly qualifies as "reasonable care and diligence in ascertaining and mailing a deficiency notice to the correct address." *Arlington Corp. v. Commissioner, supra* at 450.

■ Prior to the 1970 taxable year, the tax returns of United States citizens living abroad were filed directly with, and processed by, OIO in Washington, D.C. Beginning in 1971, such returns were filed with the Philadelphia Service Center, but any return selected for audit was sent to OIO for that purpose. (J.A. at 243) However, Crum could not be expected to appreciate the inner workings of the IRS, and particularly the separate responsibilities of OIO and the Philadelphia Service Center, with regard to giving adequate notice of his change in address, especially since Agent Kristianson never communicated with Crum during the course of the audit. *Id.* at 239. Further, during the time period relevant to this case the IRS was converting to the use of automated data processing, but any resultant breakdown in communications and ability to correlate the collection and audit functions of the IRS was not the fault of taxpayers such as Crum and they should not be made to suffer for it. *Id.* at 243. An innocent taxpayer should not be penalized because the tax collector neglects to tell his right hand what his left is doing.

■ Although there is no constitutional requirement that taxpayers be allowed a forum in which to litigate tax liability prior to payment, *see Flora v. United States*, 357 U.S. 63, 75–76, 78 S.Ct. 1079, 1086–1087, 2 L.Ed.2d 1165 (1958), *aff'd on rehearing*, 362 U.S. 145, 80 S.Ct. 630, 4 L.Ed.2d 623 (1960), and in theory Crum's estate can pay the alleged deficiency and then sue for a refund to test its validity, such a procedure is a right without a remedy here in view of the magnitude of the deficiency asserted— $915,900.90. (J.A. at 90) Crum never sought a dismissal of the case against him for lack of proper notice, as was granted in *Shelton v. Commissioner*, 63 T.C. 193 (1974), but merely the opportunity, as provided by statute, to seek in the Tax Court a redetermination of the 1969 deficiency prior to payment upon the filing of a timely peti-

2. IRC § 6501(a), which has not been amended since 1958, states:

§ 6501. Limitations on assessment and collection

(a) General rule

Except as otherwise provided in this section, the amount of any tax imposed by this title shall be assessed within 3 years after the return was filed (whether or not such return was filed on or after the date prescribed) or, if the tax is payable by stamp, at any time after such tax became due and before the expiration of 3 years after the date on which any part of such tax was paid, and no proceeding in court without assessment for the collection of such tax shall be begun after the expiration of such period.

tion. We conclude that Crum's estate should have that opportunity because, considering all the surrounding circumstances, the IRS was given legally sufficient notification of the Hong Kong Marina address and acted unreasonably in mailing the deficiency notice for 1969 to the Prince Edward Road address.

For the foregoing reasons we hold that the deficiency notice for 1969 was not mailed to Crum's "last known address" as required by IRC § 6212(b)(1) and that the time period for filing the petition for redetermination did not commence until Crum received actual notice of the deficiency in October 1973.[3] Crum's petition thus was timely filed in accordance with IRC § 6213(a). Therefore the Tax Court's order of dismissal for lack of jurisdiction is reversed and the case remanded for adjudication on the merits.

*So ordered.*

---

**3.** *See DiViaio v. Commissioner*, 176 U.S.App. D.C. 229, 539 F.2d 231 (1976) (where the IRS was aware that taxpayer had been incarcerated for more than two years, a tax deficiency notice sent to the prison warden and to his address prior to imprisonment did not constitute mailing the notice to his "last known address" and the statutory period in which to file for redetermination did not begin to run until the actual receipt of the notice); *Kennedy v. United States*, 403 F.Supp. 619 (W.D.Mich.1975), *aff'd mem.* 556 F.2d 581 (6th Cir. 1977) (where a notice of tax deficiency was sent to an address that the IRS knew or should have known was not taxpayer's "last known address", the statutory period for seeking redetermination did not commence until the notice was actually received).