KI P. PYO AND BOUNG K. PYO, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 28344–83.    Filed October 23, 1984.

*Robert S. Schriebman*, for the petitioners.
*Karen J. Simonson*, for the respondent.

OPINION

GOFFE, *Judge*: The Commissioner determined deficiencies in petitioners' Federal income tax and additions to tax as follows:

| Year | Deficiency in tax | Negligence addition sec. 6653(a)[1] |
|------|-------------------|-------------------------------------|
| 1976 | $23,816 | $1,191 |
| 1977 | 13,125 | 656 |

This case is before the Court on the parties' cross-motions to dismiss for lack of jurisdiction. Petitioners' motion is premised upon the Commissioner's alleged failure to mail the notice of deficiency to petitioners' last known address in accordance with section 6212(b)(1). Respondent asserts that this Court lacks jurisdiction because petitioners did not file their petition within 90 days of the mailing of the notice of deficiency to them as required by section 6213(a).

The parties have stipulated most of the underlying facts of this case.[2] The stipulation of facts and accompanying exhibits are incorporated herein by reference.

Petitioners, husband and wife, resided in Torrance, CA, when they filed their petition. During part of 1976 and 1977, petitioners owned and operated, as sole proprietors, a retail liquor store known as "Carmela's Liquor" in Hawthorne, CA, and a gas station in Los Angeles, CA. They timely filed Federal income tax returns for the taxable years 1976 and 1977 with the Internal Revenue Service Center in Fresno, CA, reporting gross receipts from these businesses in the amounts of $180,033 for 1976 and $286,488 for 1977. On both Federal

---

[1] All section references are to the Internal Revenue Code of 1954 as amended and in effect for the years in issue, and all Rule references are to this Court's Rules of Practice and Procedure.

[2] The remaining facts pertained to a lawsuit filed against the United States of America by petitioners in the U.S. District Court for the Central District of California, No. 83–4261 MRP. Although the parties did not stipulate to the matters contained in that suit, we take judicial notice of the matters contained in the proceedings.

income tax returns, petitioners entered their address as 17039 Faysmith, Torrance, CA (hereafter referred to as the Faysmith address).

In January 1979, petitioners moved to a new residence at 3004 Carolwood Lane, Torrance, CA. At such time, petitioners filed a change of address form with the U.S. Postal Service. They timely filed their 1978, 1979, 1980, and 1981 Federal income tax returns with the Fresno Service Center. On these returns, petitioners entered their address as 3004 Carolwood Lane, Torrance, CA (hereafter referred to as the Carolwood address).

During 1978, 1979, and 1980, petitioners' income tax returns for the taxable years 1976 and 1977 were examined by Internal Revenue Service agents of the Los Angeles District Director's Office. During this examination, the IRS agents met with petitioners and mailed materials to them at their liquor store. David Z. Hong, an accountant and tax return preparer, filed an unsigned power of attorney form on behalf of petitioners with the Internal Revenue Service in connection with this examination. The Internal Revenue Service accepted this power of attorney form and acknowledged him as petitioners' representative during this examination.

On or about March 5, 1980, petitioners executed a Form 872, which extended the period of limitations for assessment for the taxable year 1976 to April 30, 1981. This form, which listed petitioners' Faysmith residence, was first delivered to Mr. Hong, who obtained petitioners' signatures. Neither petitioners nor their representative, Mr. Hong, corrected this form to reflect their current residence at the Carolwood address before it was returned to the Los Angeles District Director's Office. Upon its return to the Los Angeles District Director's Office, the Form 872 was signed by the Internal Revenue Service employee, and a copy of the fully executed agreement was mailed to petitioners at the Faysmith address accompanying a cover letter dated April 8, 1980. The record does not indicate whether petitioners ever received the letter dated April 8, 1980, or the Form 872.

On or about September 26, 1980, the Los Angeles District Director's Office mailed a notice to petitioners at their Carolwood address informing them that their Federal income tax return for the taxable year 1978 was being examined. On or

about October 30, 1980, the Los Angeles District Director's Office mailed a report of the examination of the taxable year 1978 to petitioners at their Carolwood address. On or about November 19, 1980, the same office mailed to petitioners at their Carolwood address materials concerning their Federal income tax return for the taxable year 1978.

According to a "Report Transmittal," the Internal Revenue Service mailed another Form 872 to petitioners at the Faysmith address in January 1981 which requested an additional extension of the period of limitations for assessment for the taxable years 1976 and 1977. The report recites that the Form 872 was not returned by the Postal Service or by petitioners.

On or about March 9, 1981, the Fresno Service Center mailed a "Statement of Adjustment to Your Account" to petitioners at their Carolwood address as a result of the examination of their Federal income tax return for the taxable year 1978. Finally, on or about April 10, 1981, the Los Angeles District Director's Office mailed a notice to petitioners at their Carolwood address advising them that their Federal income tax return for the taxable year 1979 had been selected for examination.

On or about April 13, 1981, a statutory notice of deficiency bearing this date, covering petitioners' returns for the taxable years 1976 and 1977, was mailed to them at their Faysmith address from the Los Angeles District Director's Office. Using the bank deposits method of analysis, the Commissioner determined that petitioners were liable for the deficiencies in Federal income tax and additions to tax previously set forth in this opinion. The unopened envelope containing the notice of deficiency was immediately returned to the Los Angeles District Director's Office prior to the expiration of the applicable period of limitations for assessment marked "NOT DELIVERABLE AS ADDRESSED UNABLE TO FORWARD." The record is devoid of evidence of any additional efforts by Internal Revenue Service personnel to ascertain another address to which this document could be mailed to petitioners. No copy of the notice of deficiency was mailed to Mr. Hong, who represented petitioners for the taxable years covered by the notice of deficiency.

In response to an inquiry by petitioners, the Internal Revenue Service mailed a letter dated March 29, 1982, which

was received by petitioners on or about April 1, 1982. The Internal Revenue Service informed petitioners that: (1) A notice of deficiency with respect to the taxable years 1976 and 1977 had been mailed to their last known address; (2) the notice of deficiency was returned to the Internal Revenue Service as undeliverable; (3) the 90-day period for filing a petition with the U.S. Tax Court had lapsed; (4) the taxes and additions to tax determined in the statutory notice of deficiency had been assessed; and (5) if petitioners still desired to contest this matter, they must first pay the tax and then file a claim for refund. This letter was mailed to petitioners by ordinary mail at their Carolwood address and enclosed a copy of the notice of deficiency dated April 13, 1981.

On or about May 20, 1982, the Los Angeles District Director's Office filed a Notice of Federal Tax Lien Under Internal Revenue Laws in the amount of $51,497.94 with the Los Angeles County Recorder, Los Angeles, CA, with respect to the taxes and additions to tax contained in the statutory notice of deficiency for the taxable years 1976 and 1977. On May 31, 1983, a notice of levy covering the amounts determined in the statutory notice of deficiency for the taxable years 1976 and 1977 was served upon petitioners' bank in Gardena, CA.

At all relevant times herein, the computer of the Fresno Service Center contained the names, addresses, and social security numbers of taxpayers shown on their most recent Federal income tax returns on file with the Internal Revenue Service. At the time the notice of deficiency was first mailed to petitioners, this computer system contained petitioners' Carolwood address. Although the employees of the Los Angeles District Director's Office who prepared the notice of deficiency mailed to petitioners had access to this computer system when the statutory notice was first mailed to petitioners, they did not use this system to ascertain the address to which the notice of deficiency was to be mailed. The Internal Revenue Service procedure at that time was to use the address contained in the audit file unless something in the file indicated that it was incorrect. In that event, the computer system would be utilized to determine whether another address was appropriate. The employees of the Los Angeles District Director's Office who mailed the notice of deficiency dated April 13, 1981, did not utilize the computer system in preparing the notice of deficien-

cy nor did they utilize it when the statutory notice was returned by the U.S. Postal Service. The employees of the Collection Division of the District Director's Office did, however, utilize the computer system after the taxes and additions to tax had been assessed against petitioners. The Collection Division employees consulted the Fresno Service Center's computer as early as July 15, 1981, for collection purposes.

On July 1, 1983, petitioners filed, in the U.S. District Court for the Central District of California, a Complaint to Enjoin Collection of Tax Prior to Compliance with Statutory Notice Procedures and a motion for preliminary injunction against the United States of America. In their complaint, petitioners alleged that: (1) The Internal Revenue Service failed to mail them a notice of deficiency with respect to the taxable years 1976 and 1977 to their last known address prior to assessment of the taxes and additions to tax contained therein and that Internal Revenue Service officers "have filed and recorded liens and have levied and are continuing to levy on plaintiffs' property and money"; (2) the plaintiffs cannot appeal the Internal Revenue Service's actions to the U.S. Tax Court because of the Internal Revenue Service's failure to mail the statutory notice to their last known address; (3) the plaintiffs do not possess sufficient liquid assets with which to pay the alleged taxes due and to file a claim for refund; and (4) they have no adequate remedy at law and have suffered and will continue to suffer irreparable injury as a result of the acts of the Internal Revenue Service unless the injunctive relief sought is granted. On August 12, 1983, petitioners filed a motion for summary judgment in that proceeding. In an order dated October 12, 1983, the Court denied plaintiffs' motion for a preliminary injunction and motion for summary judgment. Finally, on October 21, 1983, the parties stipulated that the civil action should be dismissed and it was dismissed on October 25, 1983.[3]

On October 3, 1983, petitioners filed with this Court their petition dated September 30, 1983. On November 4, 1983, they

---

[3]Petitioners' counsel stated at the parties' hearing on the motions before us that the Federal District Court litigation was dismissed in light of *Cool Fuel, Inc. v. Connett*, 685 F.2d 309, 313–314 (9th Cir. 1982), in which the Court of Appeals for the Ninth Circuit held that a taxpayer's ability to pay the disputed tax, file a claim for refund, and litigate any denial of the refund claim, constitutes an adequate remedy at law so as to preclude any possibility of equitable relief.

filed a motion to dismiss this case for lack of jurisdiction on the ground that the notice of deficiency was not mailed to their last known address. On November 23, 1983, the respondent also filed a motion to dismiss the case for lack of jurisdiction on the ground that the petition was not timely filed. On January 19, 1984, we granted petitioners' motion for leave to amend petition and an amended petition was filed on that date which also sought an award of attorney's fees, costs, and other expenses.

Given that both parties allege in their pre-trial motions that this Court lacks jurisdiction to hear the merits of whether petitioners correctly and accurately reported their 1976 and 1977 taxable incomes, it intuitively follows that we may lack jurisdiction even with respect to these pre-trial motions. We have, however, consistently held that we have jurisdiction to determine whether we have jurisdiction. *Hazim v. Commissioner*, 82 T.C. 471, 474 (1984); *Brannon's of Shawnee, Inc. v. Commissioner*, 69 T.C. 999, 1002 (1978).

This Court is a court of limited authority and may exercise jurisdiction only to the extent expressly provided by Congress. Sec. 7442; *Kluger v. Commissioner*, 83 T.C. 309 (1984); *Medeiros v. Commissioner*, 77 T.C. 1255, 1259 (1981). Under the applicable statutes and Rules of this Court,[4] our jurisdiction is usually premised upon both the issuance of a notice of deficiency by the Secretary of the Treasury or his delegate[5] and the taxpayer's timely filing of a petition for a redetermination of the deficiency determined.

Section 6212(a) provides that once the Secretary determines there is a deficiency in income tax, he is authorized to mail a notice of deficiency by certified or registered mail. Section 6212(b)(1) further provides that the mere mailing of the notice of deficiency to the taxpayer's "last known address" shall constitute sufficient notice. Once this has occurred, section 6213(a) requires, with one exception not relevant here, that the taxpayer file a petition for a redetermination of the deficiency with this Court within 90 days of the date of mailing.

There is no requirement that the taxpayer actually receive the notice of deficiency prior to the expiration of the 90-day

[4]Secs. 6212, 6213; Rule 13.
[5]Sec. 7701(a)(11)(B).

filing period;[6] hence, the "last known address" to which the notice of deficiency is mailed assumes great importance in the taxpayer's ability to obtain a prepayment judicial redetermination of his tax liabilities.[7] Unfortunately, the phrase "last known address" is not defined in the applicable Code section or attendant regulations.[8] We recently held in *Brown v. Commissioner*, 78 T.C. 215, 218–219 (1982), that this phrase means:

the taxpayer's last permanent address or legal residence known by the Commissioner, or the last known temporary address of a definite duration to which the taxpayer has directed the Commissioner to send all communications during such period. *Weinroth v. Commissioner*, 74 T.C. 430, 435 (1980); *Alta Sierra Vista, Inc. v. Commissioner*, 62 T.C. 367, 374 (1974), affd. without published opinion 538 F.2d 334 (9th Cir. 1976). Stated otherwise, it is the address to which, in light of all the surrounding facts and circumstances the respondent reasonably believed the taxpayer wished the notice to be sent. *Weinroth v. Commissioner, supra; Looper v. Commissioner*, 73 T.C. 690, 696 (1980). The relevant focus is thus on the Commissioner's knowledge rather than on what in fact may have been the taxpayer's actual address in use. *Alta Sierra Vista, Inc. v. Commissioner, supra.*

In *Frieling v. Commissioner*, 81 T.C. 42, 49 (1983), we again revisited the "last known address" morass and stated that:

Absent "clear and concise notification" from the taxpayer directing respondent to use a different address, respondent is entitled to treat the address shown on the return for which the notice of deficiency is being issued as the taxpayer's "last known address." However, once respondent becomes aware of a change in address, he must exercise reasonable care and diligence in ascertaining and mailing the notice of deficiency to the correct address. Whether respondent has properly discharged this obligation is a question of fact. *McPartlin v. Commissioner*, 653 F.2d 1185, 1189 (7th Cir. 1981), revg. an unpublished order of this Court: *Weinroth v. Commissioner, supra* at 435–436; *Alta Sierra Vista, Inc. v. Commissioner, supra* at 374.

In support of petitioners' position that the notice of deficiency mailed on April 13, 1981, was not mailed to their "last known address," they rely upon a line of decisions in the Court of Appeals for the Ninth Circuit holding that tax returns filed

---

[6]*Zenco Engineering Corp. v. Commissioner*, 75 T.C. 318, 321–322 (1980), affd. without published opinion 673 F.2d 1332 (7th Cir. 1981); *Cataldo v. Commissioner*, 60 T.C. 522, 524 (1973), affd. 499 F.2d 550 (2d Cir. 1974).

[7]In fact, one of the underlying rationales for the creation of this Court was Congress' desire to establish a tribunal to which a taxpayer could appeal prior to the payment of additional tax liabilities. H. Rept. 179, 68th Cong., 1st Sess. (1924), 1939–1 C.B. (Part 2) 241, 246; S. Rept. 398, 68th Cong., 1st Sess. (1924), 1939–1 C.B. (Part 2) 266, 271.

[8]Sec. 301.6212–1, Proced. & Admin. Regs.

subsequent to the return for which the notice of deficiency is issued constitute sufficient notice to the Commissioner of the taxpayer's change of address. *United States v. Zolla,* 724 F.2d 808 (9th Cir. 1984); *Cool Fuel, Inc. v. Connett,* 685 F.2d 309 (9th Cir. 1982); *Maxfield v. Commissioner,* 153 F.2d 325 (9th Cir. 1946); *Welch v. Schweitzer,* 106 F.2d 885 (9th Cir. 1939). See also *Wallin v. Commissioner,* 744 F.2d 674 (9th Cir. 1984). Petitioners filed their Federal income tax returns for the taxable years in issue, i.e., 1976 and 1977, with the Fresno Service Center reflecting the Faysmith address. In January 1979, they moved within the city limits of Torrance, CA, to the Carolwood residence. Petitioners reflected the Carolwood address on their Federal income tax returns for the taxable years 1978, 1979, 1980, and 1981 which they also filed with the Fresno Service Center. Therefore, petitioners argue that according to the previously cited decisions of the Court of Appeals for the Ninth Circuit,[9] they provided the Commissioner with sufficient notice of their change of address so that the notice of deficiency mailed on April 13, 1981, was not mailed to their "last known address" when it was mailed to the Faysmith address; hence, the statutory notice was invalid and their motion to dismiss for lack of jurisdiction should be granted.

Respondent argues that the statutory notice mailed on April 13, 1981, was mailed to petitioners' "last known address" in accordance with section 6212(b)(1), because this Court has repeatedly held that the filing of tax returns subsequent to the years in issue showing a different address are not, by themselves, sufficient to notify the Commissioner of the taxpayer's new address, citing *Alta Sierra Vista, Inc. v. Commissioner,* 62 T.C. 367, 376–377 (1974), affd. without published opinion 538 F.2d 334 (9th Cir. 1976); *Lifter v. Commissioner,* 59 T.C. 818, 822 (1973); *Budlong v. Commissioner,* 58 T.C. 850, 852–853 (1972). Further, while the respondent acknowledges that Internal Revenue Service employees did mail correspondence to petitioners at their Carolwood address prior to the mailing of the notice of deficiency, he argues that all of the correspon-

---

[9]Although petitioners do not specifically rely upon *Golsen v. Commissioner,* 54 T.C. 742, 757 (1970), affd. 445 F.2d 985 (10th Cir. 1971), cert. denied 404 U.S. 940 (1971), to the extent the cited decisions of the Court of Appeals for the Ninth Circuit conflict with this Court's established precedent, we infer that petitioners desire this Court to apply the rationale of the Court of Appeals.

dence mailed to the Carolwood address pertained to tax returns which bore that address. Respondent asserts, however, with respect to the taxable years before us that he was never put on notice of petitioners' change of address due to the following circumstances: (1) The petitioners signed a Form 872 extending the period of limitations with respect to taxable year 1976 which listed their Faysmith address over a year after they had moved to the Carolwood address; (2) after the Commissioner's employee signed this Form 872, he mailed it to petitioners at their Faysmith address where they received it; and (3) in January 1981, he mailed another Form 872 to petitioners at the Faysmith address and it was not returned by either the Postal Service or petitioners. This sequence of events, respondent argues, could not reasonably afford him notice that petitioners had changed their address and desired that all correspondence concerning the years in issue be sent to an address other than that shown on their returns for the years in issue and the executed consent extending the period of limitations on assessment (Form 872).

Respondent further argues that he was not obliged to send a copy of the statutory notice to petitioners' representative, Mr. Hong, as the power of attorney form submitted by Mr. Hong was both unsigned by him and merely requested that *copies* of the correspondence be sent to him. In support of this argument, respondent directs our attention to *Houghton v. Commissioner*, 48 T.C. 656, 661 (1967), in which we held that the mailing of a copy of a statutory notice to a taxpayer's representative is "a matter of courtesy and in no way affect[s] the mailing requirements of section 6212."

The immediate fact pattern can be summarized as follows: petitioners filed Federal income tax returns for the years in issue reflecting their Faysmith address with the Fresno Service Center; they subsequently moved to the Carolwood residence and filed with the Fresno Service Center Federal income tax returns for subsequent years listing the Carolwood address; while petitioners resided at the Carolwood address, the Los Angeles District Director's Office examined petitioners' returns for the years in issue; although petitioners never specifically informed the Los Angeles District Director's Office that they had moved to the Carolwood residence, the Los Angeles District Director's Office corresponded with petition-

ers at their Carolwood address with respect to tax returns filed subsequent to the years in issue; while the Los Angeles District Director's Office was corresponding with petitioners at their Carolwood address with respect to the returns for later years, the same Los Angeles District Director's Office mailed a notice of deficiency with respect to the years in issue to the Faysmith address; the notice of deficiency was returned to the Los Angeles District Director's Office marked "NOT DELIVER-ABLE AS ADDRESSED UNABLE TO FORWARD," and no further efforts were made to apprise petitioners of the Commissioner's determination; finally, the amounts contained in the notice of deficiency were assessed and petitioners learned of such actions in response to an inquiry about the status of the examination for the years in issue approximately 11 months after the notice of deficiency was first mailed.

In determining a taxpayer's "last known address," we have repeatedly held that the burden is on the taxpayer to provide the Commissioner with clear and concise notification of his new address. *Mollet v. Commissioner*, 82 T.C. 618, 623 (1984); *Weinroth v. Commissioner*, 74 T.C. 430, 435 (1980); *Alta Sierra Vista, Inc. v. Commissioner, supra* at 374. We have previously stated that notification of a new address must be given to the District where the return in question was filed. *Weinroth v. Commissioner, supra* at 437; *Camous v. Commissioner*, 67 T.C. 721, 732 (1977); *Budlong v. Commissioner, supra* at 853. While the Commissioner must exercise reasonable diligence in ascertaining the taxpayer's correct address, in the absence of such notification, respondent is entitled to rely upon the address reflected on the taxpayer's return for the year for which the notice of deficiency is being issued as the taxpayer's last known address. *Weinroth v. Commissioner, supra* at 435–436.

In the instant case, petitioners have satisfied their duty of notifying the Commissioner of their new address once the Los Angeles District Director's Office, which mailed the notice of deficiency for the years in issue, began to correspond with petitioners at their new address prior to the first mailing of the statutory notice. *Weinroth v. Commissioner, supra* at 440; see also *McPartlin v. Commissioner*, 653 F.2d 1185, 1190 (7th Cir. 1981); *Crum v. Commissioner*, 635 F.2d 895, 899 (D.C. Cir. 1980) (where correspondence from the Service Center where the taxpayer's return was filed to the taxpayer at his new

address was held to be indicative of the Commissioner's knowledge of the taxpayer's new address). Once such correspondence has occurred, albeit that it pertained to years other than those with respect to which the notice of deficiency was issued, the taxpayer should reasonably be able to assume that all future mailings from that same District Director's Office would also be sent to the address recently used for the prior correspondence.[10] As several Circuit Courts of Appeals have recently remarked in similar "last known address" factual settings, "An innocent taxpayer should not be penalized because the tax collector neglects to tell his right hand what his left hand is doing." *McPartlin v. Commissioner, supra* at 1191; *Crum v. Commissioner, supra* at 900.

We do not believe that petitioners' inadvertent failure to correct the Form 872 which listed their old address, i.e., the Faysmith residence, before returning it to respondent, warrants a different conclusion. This consent was signed by petitioners on March 5, 1980, some 13 months prior to the first mailing of the notice of deficiency. Between the dates of petitioners' execution of this document and respondent's first mailing of the notice of deficiency to their old address, the Los Angeles District Director's Office corresponded with petitioners at their new address at least 4 times; hence, respondent cannot successfully argue that the Los Angeles District Director's Office did not know of petitioners' Carolwood address at

---

[10]It is also relevant to observe that at the time the notice of deficiency was first mailed to petitioners at their Faysmith address, the Los Angeles District Director's Office employees who mailed this document to petitioners had access to the Fresno Service Center's computer system which, at that time, contained their Carolwood address. Although, at this juncture, we will not attribute the information contained in this computer system to such employees and require them to consult this system in order to satisfy the "last known address" investigative responsibilities, the time may come when this is appropriate. See *Weinroth v. Commissioner*, 74 T.C. 430, 437 n. 7 (1980). In *Crum v. Commissioner*, 635 F.2d 895, 900 (D.C. Cir. 1980), the court pointed out that "a search of the computer files for a taxpayer's most recent address would take less than a minute today." In the instant case, the parties merely stipulated that the Fresno Service Center's computer system contained their Carolwood address at the time the notice of deficiency was first mailed to petitioners. Should a brief search of a similar computer system disclose that a taxpayer is also the subject of an ongoing investigation of his tax liability for another year *at another address*, which this Court found highly relevant in *Weinroth v. Commissioner, supra* at 440, the presence of such easily accessible information would necessarily affect any determination of whether respondent acts with reasonable diligence when he mails a statutory notice to another address. We further note that in *Wallin v. Commissioner*, 744 F.2d 674 (9th Cir. 1984), the Court stated "Because the IRS has the capacity to perform a computer search for social security numbers found in both the primary taxpayer's box and the spousal taxpayer's box, it must do so where, as here, it is aware that the taxpayer has moved." Since the situation in *Wallin* differs from that herein, we need not decide whether we concur in the Ninth Circuit's reversal in *Wallin*.

the time the statutory notice was first mailed. Respondent's argument that petitioners received a fully executed copy of the Form 872 with a cover letter dated April 8, 1980, at their Faysmith address is not supported by the record. Further, even assuming arguendo that petitioners had received it in April 1980, the intervening correspondence between the Los Angeles District Director's Office and petitioners at the Carolwood address prior to the first mailing of the statutory notice indicates that the Los Angeles District Director's Office knew of petitioners' Carolwood address when the notice of deficiency was first mailed. Finally, the fact that an Internal Revenue Service "Report Transmittal" recites that another Form 872 was mailed to petitioners at the Faysmith address in January 1981 and was not returned by either the Postal Service or petitioners does not establish that the new extension agreement was properly addressed (to the Faysmith address); hence, the lack of any response does not warrant a different conclusion.

We hold that respondent did not act with reasonable diligence in mailing the statutory notice on April 13, 1981, to petitioners' old address, i.e., the Faysmith address, and such mailing was not to the "last known address" in accordance with section 6212(b)(1) because the Los Angeles District Director's Office, which mailed the notice of deficiency to petitioners, corresponded with petitioners on several occasions at their new address, i.e., the Carolwood address, immediately prior to the mailing of the notice of deficiency to the old address. *Weinroth v. Commissioner, supra* at 440; see also *McPartlin v. Commissioner, supra* at 1190; *Crum v. Commissioner, supra* at 899.

Respondent contends, in the alternative, that if the first mailing of the statutory notice by certified or registered mail is defective for some reason, then petitioners' actual receipt of the notice of deficiency will commence a 90-day period for filing a petition with this Court. In support thereof, respondent relies upon *McPartlin v. Commissioner, supra* at 1192; *Tenzer v. Commissioner*, 285 F.2d 956 (9th Cir. 1960); and *Boren v. Riddell*, 241 F.2d 670, 672 (9th Cir. 1957).

Although these and other cases[11] support respondent's

---

[11]See *Frieling v. Commissioner*, 81 T.C. 42, 59 (1983), for dicta and cases concerning this issue.

position, we need not address this issue or reexamine our holding in *Estate of McKaig v. Commissioner*, 51 T.C. 331 (1968). Petitioners received actual notice of the statutory notice mailed on April 13, 1981, when they received the letter dated March 29, 1982, enclosing a copy of the notice of deficiency mailed on April 13, 1981. Such actual notice was vitiated, however, by the letter dated March 29, 1982, in which the Internal Revenue Service specifically informed petitioners that the 90-day filing period with this Court had already lapsed and that their *only* remedy was to pay the disputed taxes and additions to tax and then file a claim for a refund. It is manifestly unfair to require taxpayers to contravene specific and detailed Internal Revenue Service instructions concerning their available remedies, particularly when these instructions accompany a copy of the notice of deficiency, in order to preserve their ability to obtain a prepayment determination of their tax liabilities. Accordingly, in this context, any actual notice to petitioners with respect to the mailing of the notice of deficiency mailed on April 13, 1981, was rendered ineffective due to the misleading cover letter which forwarded the statutory notice to them; hence, we need not decide whether a taxpayer's actual receipt of a notice of deficiency after the expiration of the original 90-day filing period will commence a new 90-day filing period. Further, given our analysis, we need not address the issue of whether petitioners' representative should have received a copy of the notice of deficiency when it was first mailed.

In the instant case, petitioners were clearly prejudiced by the Commissioner's failure to mail the notice of deficiency dated April 13, 1981, to their "last known address" because they did not actually receive notice of his determination until about April 1, 1982, when the 90-day filing period with this Court had long since lapsed and petitioners' alleged tax liabilities had already been assessed. As we recently stated in *Mulvania v. Commissioner*, 81 T.C. 65, 70 (1983), "Where the notice is sent to the wrong address and never delivered, or delivered with prejudicial delay, the statutory purpose is not served, and it would be manifestly unfair to deny the taxpayer his prepayment hearing." Accordingly, we will grant petitioners' motion to dismiss for lack of jurisdiction and deny

640

respondent's motion to dismiss for lack of jurisdiction.[12]

Finally, petitioners have also sought an award of attorney's fees, costs, and other expenses pursuant to section 7430 in their amended petition. As the instant proceeding was commenced after February 28, 1983, we have the authority to award "reasonable litigation costs" under this statute, if appropriate. *Uecker v. Commissioner*, 81 T.C. 983, 998 n. 17 (1983). Should petitioners desire to pursue this matter, they must comply with Rules 230 and 231.

*An appropriate order will be entered.*

---

[12]Although our holding in the instant case would normally finalize petitioners' tax liabilities for the years in issue, as the usual 3-year period of limitations and extensions thereof have expired and thus preclude the issuance of a new notice of deficiency, respondent stated in his brief that another notice of deficiency has been issued for the years before the Court pursuant to the 6-year period of limitations contained in sec. 6501(e)(1).