RUSSELL P. WINE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE
Wine v. Commissioner
Docket No. 16534-89
United States Tax Court
T.C. Memo 1991-226; 1991 Tax Ct. Memo LEXIS 248; 61 T.C.M. (CCH) 2671; T.C.M. (RIA) 91226; May 22, 1991, Filed *248 An order of dismissal for lack of jurisdiction will be entered. Helen E. Marmoll, for the petitioner. Warren P. Simonsen, for the respondent. DAWSON, Judge. GOLDBERG, Special Trial Judge. DAWSON
MEMORANDUM OPINION This case was assigned to Special Trial Judge Stanley J. Goldberg pursuant to the provisions of section 7443A(b)(4) [1] and Rule 180 et seq., Tax Court Rules of Practice and Procedure. The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE GOLDBERG, Special Trial Judge: This case is before the Court on petitioner's motion to dismiss for lack of jurisdiction on the ground that the notice of deficiency was not mailed to him at his last known address under the provisions of section 6212(b). Respondent filed an objection and a cross-motion to dismiss for lack of jurisdiction on the ground that the petition *249 was not timely filed under the provisions of section 6213(a). The motions were heard in Washington, D.C. The evidence consists of a stipulation of facts and oral testimony. The stipulation of facts and attached exhibits are incorporated herein by reference. At the time the petition was filed and during all years at issue, petitioner resided at 907 6th Street, S.W., Apt. #701-C, Washington, D.C. 20024. In a notice of deficiency dated June 18, 1984, respondent determined the following deficiencies in, and additions to, petitioner's Federal income taxes: Additions to Tax
Taxable Year
Deficiency
Sec. 6651(a)
Sec. 6653(a)
1975
$ 68,353.00
$ 17,088.40
$ 3,417.68
1976
67,564.73
16,891.18
3,378.24
1977
31,685.00
7,921.00
1,584.00
1978
44,125.00
11,031.00
2,206.00
1979
25,627.00
3,844.00
1,281.00
1980
16,942.00
--   847.00
The notice of deficiency was addressed to petitioner as follows: Mr. Russell P. Wine 907 6th Street, S.W., #701-C Washington, D.C. 20024 The envelope containing the notice of deficiency was mailed to petitioner by certified mail, number 07567, by the District Director in Baltimore, Maryland. The envelope was postmarked *250 June 20, 1984, and was addressed to him as follows: Mr. Russell P. Wine 907 6th Street, S. Washington, D.C. 20024 At the hearing in this case, petitioner testified that sometime in November 1984, he received in the mail an envelope addressed to him as follows: Mr. Russell P. Wine 907 6 D Street, S.W., Washington, D. C. 20024 He claimed that the envelope contained the notice of deficiency dated June 18, 1984, and the envelope postmarked June 20, 1984, in which the notice was mailed. There was no name or return address on the envelope mailed to petitioner in November 1984. However, in the lower left-hand corner was typed "Tax Form Opened by Mistake." The envelope also bore the following postal cancellation: "U. S. Postal Service, PA 150, November 19, PM." After allegedly receiving the notice of deficiency in November 1984, petitioner testified that he called the local Internal Revenue Service office in Washington, D.C., in order to determine what legal remedy was available to him, keeping in mind that the notice informed him that he had 90 days from the date of mailing to file a petition with the Court. Petitioner further testified that he did nothing until the early part *251 of March 1985, when he consulted with an attorney after receiving correspondence from respondent pertaining to the assessment and collection of the taxes for the years in issue. About that time, petitioner went to the Southwest branch post office to inquire whether they had any information regarding the receipt and/or delivery of the notice of deficiency. The Southwest branch post office had no record of either receiving or attempting to deliver a letter with certified number 07567 to petitioner at his address. Subsequently, collection action was commenced, and in May 1989, petitioner brought an injunction suit in the United States District Court for the District of Columbia, Civil Action No. 89-1705, seeking to enjoin the Government from collecting the income tax liabilities for the years at issue. After a hearing, the District Court denied petitioner's motion for a temporary restraining order in its memorandum opinion and order issued on June 26, 1989. In the memorandum opinion, the Court stated that although the "Government may be said to have 'failed' to send" the subject notice of deficiency to Mr. Wine's last known address, this, in and of itself, does not entitle him to *252 injunctive relief. [2] Petitioner failed to show his likelihood of success on the merits and any irreparable injury he would suffer if the injunction were not granted. Furthermore, petitioner failed to adequately explain why under the holding in Crum v. Commissioner, 204 U.S. App. D.C. 37, 635 F.2d 895 (D.C. Cir. 1980), he did not file a petition in the Tax Court after he received actual notice in November 1984. The Government then filed a motion to dismiss the action for lack of subject matter jurisdiction. The District Court granted the motion by order issued October 23, 1989. In an accompanying memorandum opinion the Court held that it lacked subject matter jurisdiction because Mr. Wine failed to file a timely petition in the Tax Court after actual receipt of the notice of deficiency in accordance with Crum v. Commissioner, supra.Under the holding in Crum, where the notice is improperly addressed, the statutory period for filing a petition with this Court begins to run from the date the taxpayer receives actual notice. In Crum, the Tax Court petition was filed within 150 days after the taxpayer (a Hong Kong resident) received actual notice, which *253 was 616 days after the issuance of the statutory notice but which, the Court of Appeals held, was not mailed to the taxpayer's last known address. Petitioner, in his affidavit supporting his motion before the District Court, admitted that he actually received the notice of deficiency in November 1984, and he knew he had the right to petition the Tax Court within 90 days after receipt of the notice. Before the District Court dismissed his case, petitioner filed a petition with this Court on July 6, 1989, seeking a redetermination of the deficiencies in income tax and additions to tax determined by respondent in his notice of deficiency mailed June 20, 1984. Simultaneously, with the filing of his petition, petitioner's counsel filed the subject motion to dismiss, alleging that the notice was not sent to petitioner's last known address pursuant to section 6212(b), and *254 that, therefore, the assessment of the taxes and additions to tax at issue is barred. Petitioner contends that, although the notice was correctly addressed, the envelope containing the notice was incorrectly addressed because both the "W" in S.W., designation of the quadrant, and the apartment number were omitted. Respondent filed an objection and the subject cross-motion to dismiss for lack of jurisdiction on the ground that the petition was not filed within the 90-day period permitted by section 6213(a). The Domestic Mail Manual (DMM) contains the regulations of the United States Postal Service governing its domestic mail service. DMM, sec. 111.1, Issue 13 (Dec. 29, 1983). [3] Normally, Postal Service employees follow procedures mandated by the DMM. There is no evidence in the record that such procedures were not followed in this case. *255 Certified mail provides the sender with a mailing receipt and a record of delivery at the post office of the addressee and is dispatched and handled in transit as ordinary mail. DDM, sec. 912.1 and sec. 912.45. Certified mail will be taken out in the first trip after it is received and delivered to the addressee. The addressee signs a Form 3849-A, Delivery Notice or Receipt, if delivery is made on the first trip. If delivery of the certified article cannot be completed for any reason, the carrier will leave a notice, Form 3849-A. The article will be brought back to the post office and held for the addressee. If the article is not called for within 5 days, a second notice, Form 3849-B, Delivery Reminder or Receipt, is left. If the article is not picked up at the post office within 15 days after the second notice is left, the article is returned to the sender. Delivery records, Forms 3849-A and 3849-B, are maintained for 2 years and filed by the last two digits of the certified number. DDM, secs. 912.51, 912.54, 912.55, and 913.721. Delivery of mail to individual boxes in a residential building containing apartments occupied by different addresses like petitioner's is contingent *256 upon (1) the building having a common building entrance and a common street number, and (2) the provision of one mail box receptacle for each apartment grouped in the building at a single point accessible to the mail carrier. A tenant's correct mailing address is the address of the entrance at which the mail receptacles are located, and should include the apartment number or designated mail box number. DDM sec. 155.61. The name and address must appear on all mail. The address must include the name and the street and number, and the ZIP code should be included in all addresses. DDM, secs. 122.11, 122.12, and 122.14. Petitioner's apartment is located in "Waterside", a three-building apartment complex. The street address of petitioner's building, 907 6th Street, S.W., contains a service desk and mail room. If the apartment number is not included on mail addressed to a tenant residing at 907 6th Street, S.W., there are three ways to identify the apartment number. These are (1) referring to the directory listing the tenants by name and corresponding apartment number; (2) searching for the addressee's name on the mail boxes; and (3) inquiring at the service desk for the addressee's *257 apartment number. Although the "W" was omitted from the street address typed on the envelope containing the notice of deficiency, the use of ZIP code 20024 means that the street address is located in the Southwest (S.W.) quadrant of Washington, D.C. ZIP code 20024 is not located in any other quadrant in Washington, D.C. Based on the record before us, we find and hold that the envelope containing the notice was mailed to petitioner's last known address in accordance with section 6212(b). [4]
*258 The jurisdiction of this Court is governed by statute. Sec. 7442. It is well established that to maintain an action in this Court, there must be a valid notice of deficiency and a timely filed petition. Secs. 6212 and 6213; Monge v. Commissioner, 93 T.C. 22, 27 (1989); Abeles v. Commissioner, 91 T.C. 1019, 1025 (1988); Keeton v. Commissioner, 74 T.C. 377, 379 (1980). A valid notice of deficiency has been issued if it is mailed to the taxpayer's last known address by certified or registered mail. Sec. 6212(a) and (b). If the respondent notifies the taxpayer in compliance with section 6212 by notice addressed to him inside the United States, such taxpayer, as in this case, has 90 days after the mailing of the notice of deficiency to petition this Court for redetermination of the deficiency determined by respondent. Sec. 6213(a). The validity of a notice of deficiency does not depend on receipt by the taxpayer, but rather upon proper mailing to the taxpayer's last known address. Hoffenberg v. Commissioner, 905 F.2d 665 (2d Cir. 1990), affg. a Memorandum Opinion of this Court; King v. Commissioner, 857 F.2d 676, 681 (9th Cir. 1988), *259 affg. on other grounds 88 T.C. 1042 (1987); Keado v. United States, 853 F.2d 1209, 1211-1212 (5th Cir. 1988). Once mailed to the taxpayer's last known address, nothing in the Code requires respondent to take additional steps to effectuate delivery. Pomeroy v. United States, 864 F.2d 1191, 1195 (5th Cir. 1989); King v. Commissioner, supra at 681. It is undisputed that the petition was not mailed to or received by this Court within the 90-day period prescribed in sections 6213(a) and 7502. Accordingly, if respondent mailed a valid notice of deficiency, the petition will have to be dismissed for lack of jurisdiction. Abeles v. Commissioner, supra.However, if jurisdiction is also lacking for respondent's failure to mail a valid notice of deficiency, we will dismiss the case on that ground, rather than for lack of timely filing a petition. Keeton v. Commissioner, supra at 379-380, and cases cited therein. According to the DMM, the address must include the name and the street number and should include the ZIP code and apartment number. The ZIP *260 code and apartment number are not requirements for proper delivery, but are for the convenience of the Postal Service and are helpful to ensure prompt delivery. In our view, the omission of the "W" from "S.W.", designating the quadrant in which petitioner's address is located, is a de minimis error not fatal to a notice of deficiency where such error does not cause confusion in the delivery of the notice. There is evidence in the record here that the notice would have been delivered to petitioner's address in Washington, D.C., because the correct ZIP code was typed on the envelope. Petitioner's contention is based on the following conjecture. The original envelope containing the notice was incorrectly delivered by the Postal Service to some unknown person in Washington, Pennsylvania, instead of Washington, D.C., in spite of the fact that the correct ZIP code was typed on the envelope. That person opened the envelope containing the notice of deficiency and remailed it to petitioner. Petitioner surmises that the envelope in which he allegedly received the notice of deficiency was mailed to him from Washington, Pennsylvania, because the cancellation bore the three-digit ZIP code *261 150. Although there may be vagaries in the Postal Service's handling and delivery of mail, it is unlikely that the Postal Service would haphazardly deliver an article of certified mail to a person to whom it was not addressed and accept a delivery receipt from that person. It is even more unlikely given the facts in this case that there is no 6th Street or quadrant system in Washington, Pennsylvania. Furthermore, the ZIP code for Washington, Pennsylvania, is 15301. The three-digit ZIP code 150 is merely the designation for the Pittsburgh, Pennsylvania, postal service facility. We think petitioner's contention is without foundation. Even if we were to accept petitioner's contention, we would still grant respondent's motion to dismiss for lack of jurisdiction. Pursuant to our opinion in Golsen v. Commissioner, 54 T.C. 742, 757 (1970), affd. 445 F.2d 985 (10th Cir. 1971), we will apply the law in this Circuit. As held in Crum v. Commissioner, 204 U.S. App. D.C. 37, 635 F.2d 895, 901 (D.C. Cir. 1980), where the deficiency notice is not mailed to the taxpayer's last known address, the time period for filing the petition in the Tax Court does *262 not commence until the taxpayer receives actual notice of the deficiency. Here, even if we were to find that petitioner did not actually receive the deficiency notice until November 1984, the petition he filed on July 6, 1989, was untimely because it was not filed within 90 days after he allegedly received actual notice. To reflect the foregoing, An order of dismissal for lack of jurisdiction will be entered. Footnotes
1. All section references are to the Internal Revenue Code as amended and in effect for the years in issue.↩
2. It appears that at the District Court hearing the Government demurred to the facts set forth in petitioner's affidavit, and there was no testimony.↩
3. All sections of the DMM to which reference is made herein were in effect during the period June 1984 through November 1984. Our later references to the pertinent sections thereof will refer only to DMM and section number. Furthermore, copies of the DMM are available for inspection upon request at all domestic post offices, stations, and branches during normal business hours, and it is published in the Federal Register. DMM. secs. 111.51 and 111.54.↩
4. Petitioner neither pleaded nor asserted affirmative collateral estoppel with respect to the last known address issue. We think the reasons for not claiming collateral estoppel are apparent. First, there was no specific finding by the District Court that the notice of deficiency was not sent to petitioner's last known address. Second, petitioner chose in the instant case to offer testimony and documentary evidence on this issue. In any event, we are not bound by the District Court's statement regarding this factual matter.↩