ROBERT M. AND HANNAH COHEN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Cohen v. Commissioner
Docket No. 33166-87.
United States Tax Court
T.C. Memo 1989-311; 1989 Tax Ct. Memo LEXIS 298; 57 T.C.M. (CCH) 804; T.C.M. (RIA) 89311; June 26, 1989. Stephen E. Sokolic and John E. Kaskey, for the petitioners. Paul J. Sude and Daniel Morman, for the respondent. WHALEN
MEMORANDUM OPINION WHALEN, Judge: This case was assigned to Special Trial Judge John J. Pajak pursuant to section 7443A(b) and Rule 180 et seq. (All section numbers refer to the Internal Revenue Code and all rule numbers refer to the Tax Court Rules of Practice *299 and Procedure.) The Court agrees with and adopts his opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE PAJAK, Special Trial Judge: Respondent determined a deficiency in petitioners' 1980 Federal income tax in the amount of $ 83,462. The parties have filed cross-motions to dismiss for lack of jurisdiction. The issue for decision is whether this Court has jurisdiction over petitioners' 1980 taxable year under sections 6212 and 6213. To the extent stipulated, the facts are so found. Petitioners resided in Chester Springs, Pennsylvania when their petition was filed. On July 17, 1980, petitioner Robert M. Cohen (petitioner) acquired an interest in a partnership known as Redlands Associates (Redlands). In late 1980, petitioners rented post office Box 455 at the Chester Springs Post Office (the post office), a post office staffed by three persons. On or about June 1, 1981, petitioners filed their 1980 joint Federal income tax return with the Internal Revenue Service (IRS) at the Service Center in Philadelphia, Pennsylvania. The address listed on that return was West Meadow-Art School Road, Chester Springs, PA 19425. Their 1981 and 1982 joint Federal *300 income tax returns modified their address to read "P.O. Box 455, Art School Road, Chester Springs, PA 19425" (Box 455). The 1982 return was filed on October 14, 1983. In late 1982 or early 1983, petitioners transferred to a larger box in the three-person post office, Box 328. A cardboard enclosure was put inside Box 455 so that no mail would be put into it until it was rented to another person. All mail addressed to petitioners was then put in Box 328. Petitioners normally picked up their mail at least once a week, but sometimes less frequently. On September 27, 1983, a legal assistant from petitioners' attorneys' office sent a letter with an executed Consent to Extend the Time to Assess Taxes for petitioners' prior tax year, 1979, to Philadelphia. This letter also stated that petitioner's current address was Box 328, Chester Springs, PA 19425 (Box 328). On October 11, 1983, The Philadelphia Examination Support System (Philadelphia) notified the Jacksonville, Florida District Office (Jacksonville) that petitioner's investment in Redlands in 1980 was under examination and that petitioner was a distributee who resided in St. Petersburg, Florida. The Master File Transcript *301 of Account (MFTRA) gives the last-known mailing address for the taxpayer, as reported on the taxpayer's most recently filed Federal income tax return. After receiving the notification from Philadelphia, Jacksonville obtained a quick form of the MFTRA. That form listed Box 455 as petitioners' address on their most recently filed return, the 1982 return. On December 17, 1983, Jacksonville accepted responsibility for petitioners' 1980 return and for the statute of limitations period (limitations period). Because Jacksonville did not have a file on petitioners, it requested and obtained a complete MFTRA which showed the latest address as Box 455 and the tax information from the 1980 return. By a February 3, 1984 letter and a February 17, 1984 follow-up letter, Jacksonville asked petitioners to extend the limitations period within which to assess taxes for 1980 because the period was due to expire in June 1984. Both letters were sent to petitioners by regular mail at Box 455. Neither letter was returned to respondent as undeliverable or unclaimed. Petitioners did not respond to these letters. On February 29, 1984, Philadelphia also asked petitioners to extend the limitations period *302 with respect to petitioners' 1980 taxable year. Philadelphia mailed the request to petitioners at Box 455. Petitioners received this request and at some time gave it to their attorneys. Jacksonville never received a response from petitioners to extend the limitations period. Jacksonville prepared a statutory notice of deficiency for 1980 using the tax information on petitioners' MFTRA. On April 9, 1984, Jacksonville mailed the statutory notice of deficiency to petitioners at Box 455. Respondent disallowed petitioners' claimed $ 123,993 loss from the investment in Redlands. The notice of deficiency for petitioners' 1980 taxable year has a certified mail number 40854. The envelope containing the notice of deficiency, with the same certified mail number, indicates that a certified mail notice was left in petitioners' box on April 11, 1984. When the post office receives a certified letter for a box holder, a notice is placed in the addressee's box to claim the certified letter. Ordinarily, if the letter is not claimed in ten days, a second notice is placed in the box. After five days, if the letter is still not claimed, the letter is returned to the sender as "unclaimed." The *303 envelope in the instant case was stamped "unclaimed" and returned to Jacksonville. The envelope only shows the first notice to petitioners. Although the post office failed to mark the second notice, notice was given twice to petitioners that they had certified mail at the post office. On April 19, 1984, petitioners' attorneys sent Philadelphia an executed Consent to Extend the Time to Assess Tax for petitioners' 1980 taxable year, again using Box 455 as petitioners' address. On August 15, 1984, the Chamblee, Georgia IRS Service Center (Chamblee) mailed a notice of tax assessment for 1980 to petitioners at Box 455. On August 22, 1984, petitioner stated in a letter to Chamblee that this was the first notice he had received regarding additional taxes due for 1980, but did not claim that Chamblee was using an old address. On October 10, 1984, petitioners again used Box 455 as their address in a consent for the 1981 taxable year. On October 5, 1987, petitioners filed a petition with this Court. The petition was filed 1,274 days after the date of the notice of deficiency. A petition *304 to this Court must be filed within 90 days (or 150 days if the notice is addressed to a person outside of the United States) after the notice of deficiency is issued. Sec. 6213(a). It is well settled that to maintain an action in this Court, there must be both a valid notice of deficiency and a timely filed petition. Pyo v. Commissioner,83 T.C. 626, 632 (1984). A valid notice of deficiency has been issued if it is mailed to the taxpayer's "last known address" by certified or registered mail. Sec. 6212(a) and (b)(1). To determine whether a notice of deficiency has been properly mailed to the taxpayer's last known address, this Court recently held that "a taxpayer's last known address is that address which appears on the taxpayer's most recently filed return, unless respondent has been given clear and concise notification of a different address." Abeles v. Commissioner,91 T.C. 1019, 1035 (1988). The Court also held that a taxpayer's "most recently filed return" is the one which was properly processed by an IRS Service Center and was available to an *305 IRS agent when the agent prepared a notice of deficiency for a previously filed return. The Court further held that the address from the more recently filed return is considered available to such an agent if that address could be obtained from the IRS computer system using taxpayers' Tax Identification Numbers. Abeles v. Commissioner, supra.
At the time the notice of deficiency was prepared in this case, petitioners' most recently filed return was their 1982 return. The address appearing on that return was Box 455. That was the address which respondent's agent in Jacksonville located through the use of respondent's computer system. Thus, respondent properly mailed the notice of deficiency to petitioners' last known address, Box 455, unless clear and concise notification of a different address was given to respondent. A taxpayer who desires to effect a change in address bears the burden of providing respondent with clear and concise notification of the new address. Pyo v. Commissioner, supra at 636. Petitioners in the 1983 letter gave Box 328 as a *306 new address to Philadelphia, the district where their tax returns were filed. Respondent argues that petitioners did not give clear and concise notification of a change of address because petitioners used multiple addresses in their dealings with IRS and continued to use Box 455 as an address after they transferred to Box 328. We agree with respondent. Petitioner consistently used multiple addresses in his dealings with the Internal Revenue Service and in his business dealings. Petitioner used a West Meadow-Art School Road, Chester Springs, Pennsylvania address, repeatedly used a Box 455, Art School Road, Chester Springs, Pennsylvania address, and used a Box 328, Art School Road, Chester Springs, Pennsylvania address. Other addresses used were a Locust Street, Philadelphia, Pennsylvania address, a Lyndell, Pennsylvania address, and a St. Petersburg, Florida address. On October 10, 1983, petitioners, under penalties of perjury, signed their 1982 return using Box 455. Petitioners thus declared that they examined the return and that, to the best of their knowledge and belief, the return was true, correct, and complete. In short, petitioners stated that Box 455 was their correct *307 address as of October 10, 1983, even though a legal assistant put in what they claim is a change of address about two weeks earlier. If the use of Box 328 is to be considered a change of address, the subsequent use of Box 455 would be a change to a newer address and that address is the address in the Internal Revenue Service computer system. In fact, even in petitioner's August 22, 1984 letter complaining about the assessment for 1980, petitioner did not assert that respondent was using an incorrect address. Accordingly, the notice of deficiency is valid because respondent was not given clear and concise notification of a different address. The reference to Box 328 prior to the issuance of the notice of deficiency was not such notification because petitioners continued to use Box 455 as their address in their dealings with the Internal Revenue Service. We also disagree with petitioners' claim they never received the notice of deficiency nor any certified mail notices pertaining to the deficiency notice. Petitioner's testimony consists of self-serving statements. Petitioner, during cross-examination, was very evasive and repeatedly glanced at his counsel before answering questions. *308 Although the notice of deficiency was addressed to Box 455, all mail addressed to petitioners was placed in Box 328. The two certified mail slips pertaining to the notice were placed in Box 328. Petitioners purposely did not claim this certified mail. If petitioners had claimed the certified mail they would have received the notice of deficiency before the statutory period expired and within sufficient time to file a petition with this Court. We do not deem it significant to the resolution of the issues before us that Philadelphia sent petitioners a request for a consent and that petitioners did not return the consent until after Jacksonville sent petitioners the notice of deficiency. Since respondent issued a valid notice of deficiency to petitioners, petitioners' motion to dismiss for lack of jurisdiction is denied. Since petitioners filed their petition more than three years after the notice of deficiency was mailed and thus did not timely file within the ninety day period, respondent's motion to dismiss for lack of jurisdiction is granted. An appropriate order will be entered.