ESTATE OF DORIS N. BARRETT, DECEASED, LARRY T. ACORD, CO-EXECUTOR, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Barrett v. Commissioner
Docket No. 12020-94
United States Tax Court
T.C. Memo 1994-535; 1994 Tax Ct. Memo LEXIS 540; 68 T.C.M. (CCH) 1036; October 24, 1994, Filed *540 An Order and Order of Dismissal for Lack of Jurisdiction will be entered denying petitioner's motion to dismiss for lack of jurisdiction and granting respondent's motion to dismiss for lack of jurisdiction. For petitioner: Tad R. Callister. For respondent: Gregory Arnold. DAWSON, NAMEROFF DAWSON
MEMORANDUM OPINION DAWSON, Judge: This case was assigned to Special Trial Judge Larry L. Nameroff pursuant to section 7443A(b)(4) and Rules 180, 181, and 183. [1] The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE NAMEROFF, Special Trial Judge: This case is before us on cross-motions to dismiss for lack of jurisdiction. In a notice of deficiency dated April 5, 1994, respondent determined a deficiency in Federal estate tax for the Estate of Doris N. Barrett (petitioner) in the amount of $ 58,845. *541 The period for timely filing a petition with this Court expired on July 5, 1994, which date was 90 days after the notice of deficiency was mailed, not counting a legal holiday (July 4, 1994) as the last day. The petition was filed in this Court on July 11, 1994, 6 days after the last day for filing the petition. [2]
Respondent contends that this case should be dismissed for lack of jurisdiction on the ground that the petition was not timely filed within the time prescribed by section 6213(a). Petitioner does not dispute that the notice of deficiency was mailed to petitioner's last known address on April 5, 1994, but contends that the notice of deficiency is invalid because the co-executor was deprived of his right to a conference with the Internal Revenue Service (IRS) prior to the issuance of the notice of deficiency. Under the circumstances *542 presented, no useful purpose would be served by a hearing on this matter. For purposes of this opinion, we accept petitioner's factual representations. On January 3, 1994, respondent mailed petitioner a "30-day letter" stating that if petitioner did not agree with the proposed adjustments and desired an appeals conference, petitioner must file a written protest within 30 days of the date of the letter. Thereafter, on January 25, 1994, counsel for petitioner, who had petitioner's power of attorney on file with respondent, responded to the 30-day letter, setting forth a settlement proposal and stating at the conclusion of the letter that "If the foregoing is not acceptable, then we would like to appeal this matter." On April 5, 1994, respondent issued a notice of deficiency to Larry T. Acord, the co-executor of the estate. On April 28, 1994, petitioner's counsel, being unaware of the issuance of the notice of deficiency, contacted respondent with respect to the January 25, 1994, proposed settlement offer. At that time, petitioner's counsel was informed of the issuance of the notice of deficiency. Petitioner filed a petition with this Court on July 11, 1994. Petitioner contends *543 that the notice of deficiency is invalid due to respondent's failure to provide an appeals conference as required by its procedural rules and the language contained in the 30-day letter. It is well settled that to maintain an action in this Court there must be a valid notice of deficiency and a timely filed petition. Monge v. Commissioner, 93 T.C. 22, 27 (1989); Abeles v. Commissioner, 91 T.C. 1019, 1025 (1988); Pyo v. Commissioner, 83 T.C. 626, 632 (1984). Once the notice of deficiency has been mailed, the taxpayer has 90 days (150 days if the notice is addressed to a person outside the United States) in which to file a petition with this Court. Sec. 6213(a). Petitioner does not dispute that the petition was timely mailed or filed, but, rather, contends that the notice of deficiency is invalid because petitioner was deprived of its right to an administrative appeal. Thus, petitioner asks us to consider the conduct and motives of respondent in preparing and issuing the deficiency notice. Generally, this Court will not look behind a deficiency notice to examine the evidence used or the *544 propriety of the Commissioner's motives or of the administrative policies or procedures involved in making her determinations. Vallone v. Commissioner, 88 T.C. 794, 806 (1987); Jackson v. Commissioner, 73 T.C. 394, 400 (1979); Boyer v. Commissioner, 69 T.C. 521, 544 (1977); Greenberg's Express, Inc. v. Commissioner, 62 T.C. 324, 327 (1974). Thus, we will not look into the failure to issue a 30-day letter to taxpayers or failure to afford them a conference. Luhring v. Glotzbach, 304 F.2d 560 (4th Cir. 1962); Boyer v. Commissioner, supra;Greenberg's Express, Inc. v. Commissioner, supra.[3] The rationale for this rule is that a trial before the Tax Court is a proceeding de novo. Greenberg's Express, Inc., supra.
*545 Finally, petitioner, relying upon Johnson v. Commissioner, 68 T.C. 637 (1977), contends that respondent breached her promise in the 30-day letter to afford petitioner an opportunity for an appeals conference. Initially we note that we do not consider (nor have we found any authority to suggest) that an offer for an appeals conference and acceptance thereof constitutes a contract. Moreover, we do not find Johnson applicable to the instant case. In Johnson, the taxpayers, pursuant to the provisions of section 6501(c)(4), executed a Form 872A, which provided in part that the period of limitation for assessment of income taxes was extended to a date not more than 90 days after "mailing by the Internal Revenue Service of written notification to the taxpayers of termination of Appellate Division consideration". Johnson v. Commissioner, 68 T.C. at 639. Respondent's authorized agent mailed a letter to the taxpayers informing the taxpayers that "we were unable to reach a satisfactory agreement in your case," and that "a statutory notice of deficiency will be sent to you." Johnson v. Commissioner, 68 T.C. at 640. *546 We found, based upon the language contained in the Forms 872A, that such letter triggered the running of the agreed 90-day period. Johnson v. Commissioner, 68 T.C. at 642. Therefore, respondent's notices of deficiencies, issued more than 90 days thereafter, were barred by the statute of limitations. Johnson did not involve consideration of our jurisdiction; the issue concerning the statute of limitations was a defense at bar on the merits. We do not find this case to be applicable to the instant case, which involves respondent's alleged obligation to provide petitioner with an appeal conference. Accordingly, we will deny petitioner's cross-motion to dismiss for lack of jurisdiction, and we will grant respondent's motion to dismiss for lack of jurisdiction. However, petitioner may still be able to obtain a judicial hearing on the merits of respondent's determination in the United States District Court or the United States Court of Federal Claims via the refund procedure. To reflect the foregoing, An Order and Order of Dismissal for Lack of Jurisdiction will be entered denying petitioner's motion to dismiss for lack of jurisdiction and granting *547 respondent's motion to dismiss for lack of jurisdiction. Footnotes
1. All section references are to the Internal Revenue Code. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. The envelope in which the petition was mailed bears a postmark, made by a private postage meter machine, dated July 6, 1994, 1 day after the last day for filing the petition.↩
3. The facts in Boyer v. Commissioner, 69 T.C. 521 (1977), are similar to the instant case. In Boyer↩, the taxpayer received a 30-day letter in January 1974 inviting him to a conference. The taxpayer responded to the letter, requesting that the meeting place be changed. The next notification the taxpayer was sent from respondent was a request that the taxpayer consent to an extension of the statute of limitations, which request the taxpayer did not receive. Respondent then timely issued the taxpayer a notice of deficiency. The taxpayer contended that he was denied his right to a meeting with respondent prior to the issuance of the notice of deficiency, and that, therefore, the notice of deficiency was invalid. We stated that we would not look behind the notice of deficiency to examine the Commissioner's motives or procedures in asserting the deficiency, and that the notice of deficiency was valid.